No. 66,476

ELIZABETH MEIGS, *Appellee*, v. KANSAS DEPARTMENT OF
REVENUE, *Appellant*.

(840 P.2d 448)

Opinion filed October 30, 1992.

*Brian Cox*, of the Kansas Department of Revenue, argued the cause, and *Colleen Harrell*, legal intern, was with him on the briefs for appellant.

*Steve A. Leben*, of Overland Park, argued the cause, and *Thomas F. McGraw III*, of Overland Park, was with him on the briefs for appellee.

The opinion of the court was delivered by:

HOLMES, C.J.: The Kansas Department of Revenue (KDR) appeals from the decision of the Johnson County District Court which set aside the suspension of Elizabeth A. Meigs' driving privileges. Meigs' driving privileges and driver's license were suspended pursuant to K.S.A. 8-1001 *et seq.* for refusal to take a blood alcohol test. The Court of Appeals affirmed the district court in *Meigs v. Kansas Dept. of Revenue,* 16 Kan. App. 2d 537, 825 P.2d 1175 (1992). This court granted the KDR's petition for review. We affirm the judgments of the district court and the Court of Appeals.

The relevant facts are set forth at length in the Court of Appeals opinion and as the KDR agrees they are correctly stated, we will not repeat them in detail here. On July 16, 1990, Elizabeth A. Meigs was taken into custody after she hit a bridge abutment with her automobile and, as she appeared to be intoxicated, she was asked by Officer Stuart Peck, of the Overland Park Police Department, to submit to a blood alcohol test. Officer Peck gave Ms. Meigs the oral and written notices required by K.S.A. 1989 Supp. 8-1001(f)(1). Meigs refused to take the test.

After Meigs refused to submit to testing, the KDR served her with a "Notice of Driver's License Suspension." Meigs filed a timely written request for an administrative hearing pursuant to K.S.A. 1990 Supp. 8-1002(g). At the administrative hearing, the hearing officer determined that Meigs' license should be suspended. Pursuant to K.S.A. 1990 Supp. 8-1002(h)(1), the hearing officer found, *inter alia,* that "[a] law enforcement officer presented the respondent with the oral and written notice required by K.S.A. 8-1001 and amendments thereto." He then suspended Meigs' driving privileges for one year.

Meigs appealed the administrative ruling to the district court. After a trial, the court found that Meigs had not been given the notices as required by K.S.A. 1990 Supp. 8-1001(f)(1) and set aside the suspension of Meigs' driving privileges.

The controversy in this case is brought about because Officer Peck gave Meigs the statutory notices required by K.S.A. 1989 Supp. 8-1001(f)(1), which had been amended by action of the 1990 legislature effective July 1, 1990. The 1989 version of the

statute required, *inter alia* that the notices state that if the person refused to submit to testing, the person's driving privileges would be suspended *for at least 180 days*. Meigs was so advised by the officer. However, the 1990 version of the statute required that the notices state that if testing was refused, the driving privileges would be suspended *for at least one year.*

The trial court, in setting aside the suspension of Meigs' driving privileges, found that the notices given did not comply with the applicable statutory requirements, and in a written opinion stated:

"The court finds that the law enforcement officer had reasonable grounds to believe that the respondent was operating or attempting to operate a motor vehicle while under the influence of alcohol. The court further finds that respondent was arrested for an alcohol related offense. The court further finds that Officer Peck presented the plaintiff with oral and written notice, *but the written and oral notice provided to the plaintiff was not in compliance with K.S.A. 8-1001 and amendments thereto and the court finds that there was not substantial compliance with the statute.* The court finds that the plaintiff refused to submit and complete a test as required by a law enforcement officer. The court finds that the administrative order of September 25, 1990, suspended the respondent's driving privileges for one year. *The court finds that this order of September 25, 1990, was entered in error and the court finds in favor of the plaintiff on the plaintiff's Petition for Review of Agency Action and finds that the hearing order should be overruled for the officer's failure to give proper oral and written notice as required by the statute and the Court specifically finds the oral and written notice of Officer Peck not to be in substantial compliance with the law.* " (Emphasis added.)

### The Court of Appeals, in affirming the trial court, stated:

"When the statute is compared with the notices given to the appellee, it is apparent that the statute was not complied with. The appellee was advised that, if she refused testing, her driver's license would be suspended for 'at least 180 days.' The statute, as it read at the time of the incident, required that the appellee be advised that her driver's license would be suspended for 'at least one year.' The notice given to the appellee does not comply with the notice required by the emphasized portion of the law quoted above. The appellee was also given a written copy of the required notices, which repeated the language of 'at least 180 days.' The appellant concedes the notices given did not comply with the statute. The warning had been changed from 'at least 180 days' to 'at least one year' only 16 days prior to the incident in question. The arresting officer had failed to make note of this change in the law, and the appellant had failed to change the written notification forms which it supplies to arresting officers for use in complying with the statute." 16 Kan. App. 2d at 539-40.

We agree with the conclusions, rationale, and ultimate decision of the Court of Appeals.

The KDR asserts numerous arguments before this court but as we concur in the decision of the Court of Appeals, most of them do not require discussion here.

The KDR concedes that the notice requirements of K.S.A. 1990 Supp. 8-1001(f)(1) are mandatory and not directory. *State v. Luft*, 248 Kan. 911, Syl. ¶ 1, 811 P.2d 873 (1991); *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, Syl. ¶ 1, 755 P.2d 1337 (1988). The KDR also concedes that the notice requirements were applicable to this case and that the requirements were not specifically complied with by the officer. The principal arguments of the KDR are threefold: first, that the notice which was given substantially complies with the statutory requirements as recognized in *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209; second, that if the notice given does not substantially comply with the statute, *Barnhart* requires that prejudice be shown to invalidate the suspension; and, third, that as Meigs had been placed on diversion for a prior driving under the influence offense, the failure to give the proper notice was cured by other portions of the notice which were given. The KDR also asserts that the Court of Appeals improperly held that the statute in question should be strictly construed.

In *Barnhart*, the appellant's driving privileges were suspended for failure to take a breath alcohol test as required by K.S.A. 1985 Supp. 8-1001(f)(1), the version of the statute then in effect. The statute required that the notice advise the person that "after the completion of the testing, the person has the right to consult with an attorney and may secure additional testing, which, if desired, should be done as soon as possible and is customarily available from hospitals, medical laboratories and physicians." The notice that was actually given stated, "If you decide to submit to testing, after testing is completed you have the right to consult with an attorney and you may have additional testing done as soon as possible and as available." 243 Kan. at 211.

The court held that while the notice provisions of the statute are mandatory, and not directory, the notice did not need to be

in the exact words of the statute and substantial compliance would suffice. In doing so, the court stated:

"As with any notice required by statute, the provisions of K.S.A. 1985 Supp. 8-1001(f) need not be given in the exact words of the statute. While using the statutory language would have negated the issue now before us, it is generally recognized that *substantial compliance* with statutory notice provisions will usually be sufficient. *To substantially comply with the requirements of the statute, a notice must be sufficient to advise the party to whom it is directed of the essentials of the statute.*" 243 Kan. at 213. (Emphasis added.)

In the instant case, the Court of Appeals rejected the argument of the KDR that there had been substantial compliance with the statute. In doing so, the court reasoned:

"We are unable to conclude that the notice as given in the case before us was in substantial compliance with 8-1001(f)(1)(D). That section of the statute was designed to advise a party of the specific consequences of refusing testing. It states that, not only is the party to be advised that his or her license will be suspended, it requires that he or she be told the exact period of time the suspension will run. Specifically, according to that provision of the statute, the individual is to be advised that, if testing is refused, the individual's license will be suspended 'for at least one year.' In the instant matter, the appellee was advised that her license would be suspended for at least 180 days. The warning given did convey the impression that a refusal of testing would result in a suspension of the license. However, the legislature has mandated notification of the exact period of that suspension. We conclude that the words 'at least 180 days' do not convey the impression that the actual period of suspension will be 'at least one year.' The notices given to the appellee in the instant matter were not in 'substantial compliance' with the notice required. A suspension for one year is more than twice as long as one for 180 days. An individual might find a suspension of 180 days acceptable, but reject the risk of a suspension for one year. The notice of a 180-day suspension does not convey an accurate impression of the actual risk to the individual of refusing the testing. An accurate and precise notice of that risk is required by statute." 16 Kan. App. 2d at 541-42.

We agree with the reasoning of the Court of Appeals. The notice in the instant case does not substantially comply with the notice required by statute.

Next, the KDR argues that even if the notice did not substantially comply with the statutory requirements, *Barnhart* required Meigs to show she was actually prejudiced by the lack of

notice. The KDR relies upon the following language from *Barnhart*:

"Appellant contends the failure to advise that the testing *'should* be done as soon as possible' and where the testing is customarily available precludes suspension of his license. . . . We conclude that under the facts of this case, there was substantial compliance with the mandatory notice requirements of K.S.A. 1985 Supp. 8-1001(f)(1)(E). *Absent any showing of prejudice by appellant, the point lacks merit."* 243 Kan. at 213-14. (Emphasis added.)

The KDR asserts that the foregoing language requires Meigs to prove that she was prejudiced by the failure of the State to give the required notices. The Court of Appeals refused to accept this interpretation and concluded that the failure of the State to give the proper notice is prejudicial in and of itself. *Meigs,* 16 Kan. App. 2d at 543-44.

The KDR asserts in its supplemental brief that "[t]his Court's decision in *Barnhart* should be interpreted to the effect that if the person has not been prejudiced by the manner of giving the Implied Consent warnings, then there has been substantial compliance with the statutory warnings." We do not agree with the KDR's analysis of *Barnhart.* The language in the opinion which stated, "Absent any showing of prejudice by appellant, the point lacks merit," was not an essential part of the decision and thus is technically dicta. The language was meant to convey that even if there was substantial, but not absolute, compliance with the notice requirements there might be instances where such failure actually prejudiced the driver. In such a case, even substantial compliance might not be sufficient if the driver could show actual prejudice. However, when there is not substantial compliance no prejudice need be shown.

The Court of Appeals appropriately interpreted our decision in *Barnhart.* Neither the statute nor *Barnhart* imposes upon a plaintiff the additional burden of proving prejudice once it has been established that the notice did not substantially comply with the requirements of the statute. Accordingly, the KDR's assertion that the Court of Appeals erroneously interpreted *Barnhart* is without merit.

The KDR next asserts that because Meigs had a prior DUI diversion, the notice that was given effectively advised her that

her license would be suspended for at least a year. One of the statutory notice requirements provides:

"[I]f the person refuses a test or the test results show an alcohol concentration of .10 or greater and if, within the past five years, the person has been convicted or granted diversion on a charge of driving under the influence of alcohol or drugs, or both, or a related offense or has refused or failed a test, the person's driving privileges will be suspended for at least one year." K.S.A. 1990 Supp. 8-1001(f)(1)(F).

The KDR attempts to rely upon written requests for admissions which were submitted to Meigs prior to the district court hearing. In the answers to the requests, Meigs acknowledged that she had been placed on a DUI diversion on or about February 15, 1990. The problem with the KDR's position is the record is clear that the requests for admissions and the answers thereto were never introduced in evidence, were not before the district court, and are not properly a part of the record on appeal. Consequently, we do not need to determine whether the arguments of the KDR might have merit if evidence of a prior DUI diversion was in the record.

Finally, the KDR makes a big issue of the Court of Appeals' application of the rule of strict construction to the statute in question. The Court of Appeals relied upon its earlier decision in *State v. Kelly,* 14 Kan. App. 2d 182, 185-86, 786 P.2d 623 (1990), where the court held K.S.A. 1987 Supp. 8-1001(f)(1)(E) must be strictly construed. The opinion in *Kelly* was well reasoned, and we decline to consider overruling it on this record. Here, it is obvious that the notice given would not comply with the requirements of the statute under either a liberal or strict rule of construction.

Other issues and arguments asserted by the KDR have been carefully considered and, upon the record before us, we find them to be without merit.

The judgments of the Court of Appeals and the district court are affirmed.

McFARLAND, J., dissenting: The only claim of defect in the notice is that Meigs was advised that the failure to submit to the testing would result in her license being suspended for at least 180 days when, in fact, a statutory amendment effective approximately two weeks earlier had increased the penalty to a sus-

pension of at least one year. This is a civil proceeding, not a criminal prosecution. I would apply the doctrine of estoppel and conclude that under the circumstances herein, the State was estopped from suspending Meigs' driver's license for more than 180 days.