(877 P.2d 458)

No. 70,857

STATE OF KANSAS, *Appellant*, v. KEITH EDWARD BRANSCUM, *Appellee*.

Petition for review denied 255 Kan. 1004 (1994).

Opinion filed July 8, 1994.

*Jim Pringle*, county attorney, and *Robert T. Stephan*, attorney general, for appellant.

*Mark Krusor*, of Mathews, Taylor & Krusor, of Winfield, for appellee.

Before BRAZIL, P.J., PIERRON and GREEN, JJ.

GREEN, J.: This case arises out of a car collision which caused the death of two people and the serious injury of a third person. The State charged Keith Branscum, defendant, with two counts of involuntary manslaughter and one count of aggravated battery. At the preliminary hearing, the State moved to admit the results of defendant's blood alcohol test (BAT). After defendant objected to the admission of the BAT, the trial court determined the test should be suppressed for failing to comply with K.S.A. 1993 Supp. 8-1001(f)(1). Thereafter, the State timely filed this interlocutory appeal, claiming the trial court erred in suppressing defendant's BAT.

On July 2, 1993, the evening of the wreck, Robert Walters was traveling on a business trip from Independence to Wichita when he witnessed defendant's truck cross the center line several times. In describing the collision, Walters testified he saw defendant's truck, traveling west, veer into the eastbound lane of traffic, and an oncoming car move into the westbound lane to avoid a collision. After defendant's truck suddenly returned to the westbound lane, Walters saw the car and the truck collide and go into the ditch.

When Trooper Kevin Wallace of the Kansas Highway Patrol arrived at the scene, he saw emergency medical personnel giving aid to defendant and the other car's driver and passenger. Wallace spoke briefly to Walters regarding defendant's erratic driving.

Upon questioning defendant, Wallace noticed defendant was bleeding from a facial injury and was upset and dazed. Wallace also detected the scent of alcohol on defendant's breath. Defendant told Wallace he had consumed a couple of beers. Wallace discontinued his questioning of defendant until after defendant had received medical treatment at the local hospital.

After completing his investigation at the scene of the collision, Wallace went to the hospital to request a BAT from defendant. As required by law, Wallace read and gave defendant a copy of the Implied Consent Advisory form, which informs a person of his or her rights before submitting to the test. Although the form stated the amount for a finding of illegal alcohol concentration was .10 or greater, Wallace told defendant that on July 1, 1993, the law had been revised and the new amount was .08 or greater. Defendant stated he understood the revision because he had seen it reported on television. After defendant consented to the blood test, his blood sample was taken at 9:00 p.m., approximately two hours after the collision.

The State first argues we have jurisdiction according to K.S.A. 22-3603. To support its argument, the State contends the trial court's judgment suppressing the results of defendant's BAT seriously impairs its ability to prosecute defendant. Defendant concedes our jurisdiction to hear this appeal under K.S.A. 22-3603; we have jurisdiction to hear this matter. *State v. Doeden*, 12 Kan. App. 2d 245, 247, 738 P.2d 876, *rev. denied* 242 Kan. 904

(1987), *overruled on other grounds Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 (1988).

Because the State and defendant both agree on the facts in this appeal, our review is unlimited. "When the facts material to a decision of the court on a motion to suppress evidence are not in dispute the question of whether to suppress becomes a question of law." *State v. Young*, 228 Kan. 355, 356, 614 P.2d 441 (1980). On questions of law, our review is de novo. See *Zion Lutheran Church v. Kansas Comm'n on Civil Rights*, 16 Kan. App. 2d 237, 239, 821 P.2d 334 (1991), *aff'd* 251 Kan. 206, 830 P.2d 536 (1992).

The State next argues the trial court erred in suppressing the results of defendant's BAT because Wallace's notice to defendant substantially complied with the notice provision of K.S.A. 1993 Supp. 8-1001(f).

In denying the admission of the results of defendant's BAT, the trial court stated:

"Well, [the county attorney] is correct in one regard, and that is that judicial construction should be reasonable, and that is the first duty of the Court. And, in looking at that judicial construction it must be applied to the following, which is the Legislature's mandate of the law, and to the Court. Before tests are administered under [K.S.A. 1993 Supp. 8-1001] the person shall be given oral and written notice. The Legislature did not choose to phrase this admonition in terms of what the defendant understood, or the plaintiff, or any other party. That simply made two requirements: There must be an oral notice, and there must be written notice. The courts, in various . . . cases that the parties have touched upon have indicated in this type of a case, and indeed, all criminal cases, that the statute must be construed in favor of the defendant and against the State. I think the cases are abundantly clear as to what this Court should do in regard to this failure of the State to give the second notice. I'm going to deny the admission of the exhibit."

K.S.A. 1993 Supp. 8-1001(f)(1) reads in relevant part:

"*Before a test or tests* are administered under this section, the person shall be given oral and written notice that:

. . . .

(E) if the person submits to and completes the test or tests and *the test results show an alcohol concentration of .08 or greater*, the person's driving privileges will be suspended for at least 30 days;

(F) if the person refuses a test or *the test results show an alcohol concentration of .08 or greater* and if, within the past five years, the person has

been convicted or granted diversion on a charge of driving under the influence of alcohol or drugs, or both, or a related offense or has refused or failed a test, the person's driving privileges will be suspended for at least one year." (Emphasis added.)

Both parties agree that defendant was given both an oral and a written notice as required by K.S.A. 1993 Supp. 8-1001(f)(1). Further, both parties seem to agree this notice complied with the statute except that the written preprinted form stated an alcohol concentration of .10 or greater instead of .08 or greater. Nevertheless, defendant argues an inaccurate written notice cannot per se substantially comply with the statutory notice requirement, citing *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, 840 P.2d 448 (1992). Defendant's reliance on *Meigs* is misplaced.

In *Meigs*, defendant was given both oral and written notice that her refusal to submit to a BAT would result in her license being suspended for at least 180 days. The statute in effect at the time, K.S.A. 1990 Supp. 8-1001(f), required a person be advised that if testing is refused, the individual's license will be suspended for a least one year. Concurring with and quoting from the decision of this court, the Kansas Supreme Court stated:

" '[T]he words "at least 180 days" do not convey the impression that the actual period of suspension will be "at least one year." The notices given to the appellee in the instant matter were not in "substantial compliance" with the notice required. A suspension for one year is more than twice as long as one for 180 days. An individual might find a suspension of 180 days acceptable, but reject the risk of a suspension for one year. The notice of a 180-day suspension does not convey an accurate impression of the actual risk to the individual of refusing the testing. An accurate and precise notice of that risk is required by statute.' " 251 Kan. at 681.

Contrary to defendant's contention, *Meigs* is not controlling in this case. First, *Meigs* does not stand for the proposition that an inaccurate written notice will automatically cause insubstantial compliance with the statute. To the contrary, as the *Meigs* court observed, "Substantial compliance with the statutory notices will usually be sufficient to meet the requirements of K.S.A. 1990 Supp. 8-1001(f)(1) and amendments thereto." 251 Kan. 677, Syl. ¶ 2.

Second, the facts in this case are distinguishable from *Meigs*. In *Meigs*, defendant was never given proper notice, either orally or written. Here, defendant was informed orally that the new

level of alcohol concentration was .08 or greater. Further, *Meigs* involved a defendant's refusal to submit to a BAT. Defendant, here, freely and voluntarily submitted to the test, and before submitting to the test, he was told of the new legal level.

Equally important, the *Barnhart* court, in interpreting 8-1001(f), stated:

"As with any notice required by statute, the provisions of . . . 8-1001(f) need not be given in the exact words of the statute. While using the statutory language would have negated the issue now before us, it is generally recognized that substantial compliance with statutory notice provisions will usually be sufficient. To substantially comply with the requirements of the statute, a notice must be sufficient to advise the party to whom it is directed of the essentials of the statute." 243 Kan. at 213.

The court further noted, "[W]e are of the opinion that the notice as given conveyed the essentials of the statute and did not mislead the appellant." 243 Kan. at 213.

The legislative intent of K.S.A. 1993 Supp. 8-1001(f) is to ensure that a person is made aware by the required notice procedure of his or her statutory rights before submitting to a BAT. *Barnhart*, 243 Kan. at 212. Because defendant received a notice that explained the essentials of the statute and did not mislead him concerning his statutory rights before submitting to the BAT, we conclude that notice substantially complied with the notice provisions of K.S.A. 1993 Supp. 8-1001(f)(1).

Accordingly, the judgment of the trial court suppressing the results of defendant's BAT is reversed, and the case is remanded to the trial court. Because the trial court failed to indicate whether Trooper Wallace's oral notice was proper and in accordance with K.S.A. 1993 Supp. 8-1001(f)(1), we direct that, on remand, the trial court determine if Wallace gave defendant proper oral notice. If the trial court determines defendant was given proper oral notice along with the previously discussed written preprinted form, the trial court shall determine that notice to be in substantial compliance with the oral and written notice requirement of the statute and allow the State to introduce into evidence the results of defendant's BAT, if proper in all other respects. On the other hand, if the trial court determines defendant was not

given proper oral notice, the trial court shall determine that notice to be defective and suppress the results of defendant's BAT.

Reversed and remanded with directions.