(154 P.3d 508)
No. 95,931

SCOTT E. ROBINSON, *Appellant,* v. KANSAS DEPARTMENT OF
REVENUE, *Appellee.*

Opinion filed March 16, 2007.

*Jack E. Turner,* of Baldock & Turner, LLP, of Alma, for appellant.

*James G. Keller* and *Ted E. Smith,* of Kansas Department of Revenue, for appellee.

Before MARQUARDT, P.J., PIERRON, J., and KNUDSON, S.J.

MARQUARDT, J.: Scott E. Robinson appeals the district court's decision affirming the suspension of his commercial driving privileges. We affirm.

According to the stipulated facts, a trooper initiated a stop of a noncommercial vehicle driven by Robinson. Robinson held a commercial driver's license issued by the State of New Mexico. After observing Robinson and conducting field sobriety tests and a preliminary breath test, the trooper determined that reasonable grounds existed to believe Robinson had been operating a vehicle while under the influence of alcohol. Accordingly, the trooper placed Robinson under arrest for driving while under the influence of alcohol (DUI).

The trooper provided Robinson with the oral and written notice required by K.S.A. 2006 Supp. 8-1001(f), that is on the front side of the DC-70 form. The trooper did not advise Robinson as to how a test failure, test refusal, or DUI conviction would affect his commercial driver's license. Following receipt of the implied consent notices, Robinson took a breath alcohol test, which he failed. Based on the test results, Robinson was issued a notice of suspension of his driver's license.

At the Kansas Department of Revenue (KDR) administrative hearing, Robinson challenged the trooper's failure to advise him that the results of the breath alcohol test would affect his commercial driver's license. The administrative hearing officer affirmed the suspension of Robinson's driving privileges. Robinson filed a petition for judicial review, arguing that the implied consent notices incorrectly stated that a test failure resulted in a 30-day suspension of his driving privileges, when in his case, a test failure resulted in a 1-year suspension of his commercial driver's license. Robinson claimed that the failure to notify him of the effect on his commercial driver's license pursuant to K.S.A. 2006 Supp. 8-2,142(a)(2) was a due process violation.

The trial court rejected Robinson's due process claim and denied his petition for review. The trial court noted that Robinson "did not detrimentally rely upon lack of notice regarding the sanctions on his commercial driving privileges. After putting himself in a position to have a test requested of him, the sanction on [Robin-

son's] commercial driving privileges was the same, whether he refused testing or failed the test." Finally, the trial court found that Robinson had received due process to challenge at his commercial driver's license suspension at the administrative hearing and his trial de novo in district court. Robinson timely appeals.

Robinson challenges the district court's decision affirming KDR's suspension of his driving privileges. Robinson claims the DC-70 form did not accurately reflect the law pertaining to him. Robinson seeks a reversal of the district court's decision and reinstatement of his commercial driver's license.

KDR maintains that no due process violation occurred because the trooper provided all of the statutorily required notice and Robinson was afforded the opportunity at the administrative hearing and the de novo review before the district court to challenge that he failed the breath test.

When an individual operates a motor vehicle, that individual gives his or her consent to submit to alcohol or drug testing. K.S.A. 2006 Supp. 8-1001(a). Pursuant to K.S.A. 2006 Supp. 8-1001(f), prior to administering an alcohol or drug test, an officer must provide the driver of a noncommercial vehicle certain notices orally and in writing. One such notice is: "[I]f the person submits to and completes the test or tests and the test results show an alcohol concentration of .08 or greater, the person's driving privileges will be suspended for 30 days for the first occurrence. . . ." K.S.A. 2006 Supp. 8-1001(f)(E). Additionally, the officer must inform the individual who refuses to submit to and complete the test that driving privileges will be suspended for 1 year for the first occurrence. K.S.A. 2006 Supp. 8-1001(f)(D).

Where an officer encounters a person who is driving a commercial vehicle and appears to be DUI, the officer must inform the driver that he or she will be disqualified from driving a commercial vehicle for at least 1 year following either a test refusal or test failure. K.S.A. 8-2,145(a); K.S.A. 2006 Supp. 8-1001(g). Interestingly, K.S.A. 2006 Supp. 8-1001(g) provides: "Any failure to give the notices required by K.S.A. 8-2,145 and amendments thereto shall not invalidate any action taken as a result of the requirements of this section."

The legislature amended K.S.A. 8-2,142 in 2003. L. 2003, ch. 42, Sec. 7. Prior to that amendment, a commercial driver's license was subject to a 1-year suspension for a test refusal or failure only when the person was driving a commercial vehicle at the time of the stop. K.S.A. 8-2,142(a)(4). The 2003 amendment expanded the scope of the suspension to apply to a commercial driver's license even when the person was stopped while driving a noncommercial vehicle. K.S.A. 2006 Supp. 8-2,142(a)(2). The legislature did not amend the required implied consent notices to include notice of the 1-year suspension of a commercial driver's license when the person is stopped while driving a noncommercial vehicle. See K.S.A. 2006 Supp. 8-1001(g).

Robinson's assertion that law enforcement must show the accused knew the consequences of a test failure or refusal is directly contrary to Kansas law. K.S.A. 2006 Supp. 8-1001(m) provides: "It shall not be a defense that the person did not understand the written or oral notice required by this section."

Robinson equates his case with *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, 840 P.2d 448 (1992), and claims the notices provided by the trooper did not substantially comply with the requirements of the implied consent law. Robinson contends K.S.A. 2006 Supp. 8-1014 incorporates K.S.A. 2006 Supp. 8-2,142 into the general implied consent statute, thus requiring notice of the consequences of a test failure or refusal on a commercial driver's license even when the person was driving a noncommercial vehicle at the time of the stop. Robinson attempts to apply *Meigs* without acknowledging a crucial distinction: the notices at issue in *Meigs* were statutorily required, whereas the notice at issue here was not.

The parties agree that the appellate court has unlimited review over the question of whether an individual's due process rights were violated. See *Hemphill v. Kansas Dept. of Revenue*, 270 Kan. 83, 89, 11 P.3d 1165 (2000).

Robinson's claim is directly contrary to Kansas law. The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *State v. Wilkinson*, 269 Kan. 603, 608, 9 P.3d 1 (2000). Certainly,

Robinson was entitled to due process protection. Indeed, the suspension of a license involves State action that adjudicates important interests of the licensee; accordingly, licenses are not to be taken away without the procedural due process required by the Fourteenth Amendment to the United States Constitution. *Kempke v. Kansas Dept. of Revenue*, 281 Kan. 770, 776, 133 P.3d 104 (2006). As the district court correctly found, Robinson was afforded two opportunities, the administrative hearing and the de novo review before the district court, to contest the finding that he failed the test. Robinson makes no assertion that those proceedings were in any way deficient.

It is clear that Robinson received all of the notice to which he was statutorily entitled. Robinson was not denied due process.

Affirmed.