(163 P.3d 330)
No. 97,586

STATE OF KANSAS, *Appellant,* v. BRUCE M. KOGLER, *Appellee.*

—

Opinion filed July 20, 2007.

*Jeffrey Ebel,* assistant county attorney, *Ellen Mitchell,* county attorney, and *Phill Kline,* attorney general, for appellant.

*James L. Sweet,* of Sweet & Sheahon, of Salina, for appellee.

Before MALONE, P.J., GREEN and MARQUARDT, JJ.

GREEN, J.: Bruce M. Kogler was charged with driving under the influence (DUI). He moved to suppress evidence of a breath test because the arresting officer had failed to properly advise him of the implied consent advisory. The trial court granted the motion. On appeal, the State argues that the trial court improperly suppressed the evidence of the breath test because the implied consent advisory given was only a technical irregularity with the notice provisions under K.S.A. 2005 Supp. 8-1001(f). Because the implied

consent advisory that the officer intended to give and did give and what Kogler did receive was different from the implied consent advisory that the officer was required to give under K.S.A. 2005 Supp. 8-1001(f), we conclude that the officer's implied consent advisory did not fulfill the notice requirements of K.S.A. 2005 Supp. 8-1001(f). Accordingly, we affirm.

On July 16, 2005, Trooper Scott Walker of the Kansas Highway Patrol arrested Kogler for DUI. Walker read Kogler the implied consent advisory DC-70 form, but read from an outdated form. Due to the change in the DUI laws, specifically K.S.A. 2005 Supp. 8-1001(f), the DC-70 form had been revised effective July 1, 2005.

Walker should have read Kogler an implied consent advisory that mirrored K.S.A. 2005 Supp. 8-1001(f)(D). The advisory should have substantially read:

"If you do not have a prior occurrence in which you refused or failed a test or were convicted or granted diversion on a charge of driving under the influence of alcohol and/or drugs, and you refuse to submit to [testing] . . . , your driving privileges will be suspended for 1 year. If you have had one such prior occurrence and refuse a test, your driving privileges will be suspended for 2 years. If you have had two such prior occurrences and refuse a test, your driving privileges will be suspended for 3 years. If you have had three such prior occurrences and refuse a test, your driving privileges will be suspended for 10 years. If you have had four or more such prior occurrences and refuse a test, your privileges will be permanently revoked."

The implied consent advisory form read to Kogler included language from an earlier version of the statute. The previous statute contained a 5-year look back period for refusal or failure of a breath test or conviction or diversion on a charge of driving under the influence. The advisory given to Kogler stated:

"If you do not have a prior occurrence *in the past five years* in which you refused or failed a test or were convicted or granted diversion on a charge of driving under the influence of alcohol and/or drugs, and you refuse to submit to [testing] . . . , your driving privileges will be suspended for 1 year. If you have had one such prior occurrence *in the past five years* and refuse a test, your driving privileges will be suspended for 2 years. If you have had two such prior occurrences *in the past five years* and refuse a test, your driving privileges will be suspended for 3 years. If you have had three such prior occurrences *in the past five years* and refuse a test, your driving privileges will be suspended for 10 years. If you have

had four or more such prior occurrences *in the past five years* and refuse a test, your driving privileges will be permanently revoked." (Emphasis added.)

The difference in the two advisory forms is that the July 2005 version of the implied consent advisory form did not include the language regarding a 5-year look back period that was contained in the earlier version of the form.

After Walker read Kogler the implied consent advisory form, Walker administered a breath test. The breath test indicated that Kogler's blood alcohol concentration exceeded the legal limit. Kogler was charged with driving under the influence under K.S.A. 2005 Supp. 8-1567(a)(1), (2), and (3), and with reckless driving under K.S.A. 8-1566.

Kogler moved to suppress any evidence regarding his breath test and the results of the breath test. Kogler argued that suppression of this evidence was warranted because the arresting officer did not furnish him with the proper implied consent advisory form before administering the breath test. The magistrate court denied Kogler's motion to suppress, and Kogler was found guilty of DUI.

Kogler appealed his conviction to the trial court and again moved to suppress the results of the breath test. At the hearing on the motion to suppress, the parties stipulated that no oral testimony was necessary and that the issue presented was a matter of law. The trial court held that the arresting officer had failed to give the appropriate notice and thereby had failed to comply with K.S.A. 2005 Supp. 8-1001(f). As a result, the court granted Kogler's motion to suppress and suppressed the results of the breath test. The State appeals under K.S.A. 22-3603.

*Did the Trial Court Err in Suppressing the Results of Kogler's Breath Test?*

The State argues that the trial court erred in suppressing the results of Kogler's breath test despite the fact that Walker had not read or furnished Kogler with the proper advisory warnings before the officer administered the breath test. Because the material facts to the trial court's decision on Kogler's motion to suppress evidence are not in dispute, the question of whether to suppress is a question

of law over which an appellate court has unlimited review. See *State v. Porting*, 281 Kan. 320, 324, 130 P.3d 1173 (2006).

K.S.A. 2005 Supp. 8-1001(f) provides that certain notices be given to suspected impaired drivers before administration of breath tests. That statute further provides that "[n]o test results shall be suppressed because of technical irregularities in the consent or notice required pursuant to this act." K.S.A. 2005 Supp. 8-1001(n). K.S.A. 2005 Supp. 8-1001(q) states that "[t]his act is remedial law and shall be liberally construed to promote public health, safety, and welfare." Nevertheless, "[t]he notice provisions of K.S.A. 1990 Supp. 8-1001(f) are mandatory and not merely directory." *State v. Luft*, 248 Kan. 911, Syl. ¶ 1, 811 P.2d 873 (1991).

The State argues that the reading of the outdated version of the form, which included the language for the 5-year look back period, was merely a technical irregularity that did not warrant suppression of the breath test results. To support its argument, the State analogizes the present case to *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 755 P.3d 1337 (1988). In *Barnhart*, the defendant was given and read a copy of the notice requirements, but the form that he was provided simply paraphrased the statute rather than quoting the precise statutory language. In holding that the language was in substantial compliance with the law, the *Barnhart* court stated:

"While using the statutory language would have negated the issue now before us, it is generally recognized that substantial compliance with statutory notice provisions will usually be sufficient. To substantially comply with the requirements of the statute, a notice must be sufficient to advise the party to whom it is directed of the essentials of the statute." 243 Kan. at 213.

Although the State attempts to analogize the present case to *Barnhart*, the cases are distinguishable. Here, the notice did not sufficiently advise Kogler of the essentials of the statute, specifically that the look back period was his lifetime, rather than merely 5 years.

This case is also distinguishable from *State v. Branscum*, 19 Kan. App. 2d 836, 877 P.2d 458, *rev. denied* 255 Kan. 1004 (1994), which the State cites in support of its argument. The *Branscum* court held that substantial compliance had occurred where the

officer had provided the defendant with an outdated written implied consent advisory, but had orally advised the defendant of the current change in law. 19 Kan. App. 2d at 839-40. The court held that there was substantial compliance with the notice provisions due to the officer's oral notification, even though the old form was provided to the defendant. In so holding, the *Branscum* court noted that "[t]he legislative intent of K.S.A. 1993 Supp. 8-1001(f) is to ensure that a person is made aware by the required notice procedure of his or her statutory rights before submitting to a [blood alcohol test]." 19 Kan. App. 2d at 840.

The present case is distinguishable from *Branscum* in that Kogler was not orally notified of the change in the law regarding the look back period. Because Kogler was not properly notified of the duration of the look back period in writing and no different oral notifications were given, the present case is unlike the facts presented in *Branscum.*

Instead, the instant case is analogous to *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, 840 P.2d 448 (1992). There, the defendant was read and given an old copy of the implied consent advisory that notified him that a test refusal would result in a loss of driving privileges for 180 days. The version that should have been supplied and read called for a loss of driving privileges for 1 year for a test refusal. The *Meigs* court held that the difference in the notice requirements did not substantially comply with the current law in effect at the time because the notice advised that driving privileges would be suspended for a period of at least 180 days whereas the statute actually provided for a suspension of at least 1 year. 251 Kan. at 681.

The State, however, seeks to be excused from compliance with K.S.A. 2005 Supp. 8-1001(f). When the legislature amended the earlier version of 8-1001(f) by deleting the phrase "within the past 5 years" from the statute, the legislature clearly intended to expand the scope of the statute. The duration of the look back period went from 5 years to a person's lifetime. See L. 2001, ch. 200, sec. 12.

Kogler's knowledge, based on the notice given him, that the look back period was 5 years did not furnish him with knowledge that the look back period had been changed to a person's lifetime. It

follows that the notice which erroneously advised Kogler that the look back period was 5 years did not substantially comply with the requirements of the statute. Furthermore, Kogler is not required to show actual prejudice when it is determined that the notice he received did not substantially comply with the requirements of the statute. *Meigs*, 251 Kan. at 681-82.

Nevertheless, the State argues that because Kogler does not have any prior convictions that would enhance his sentencing on a conviction of DUI, the improper advisory provided to Kogler was harmless. On the other hand, Kogler correctly contends that there is no evidence in the record to support the State's assertion that Kogler does not have any prior convictions or occurrences. Consequently, Kogler implies that we should ignore the State's argument. This assertion has merit. See *State ex rel. Stovall v. Alivio*, 275 Kan. 169, 172, 61 P.3d 687 (2003) (" 'An appellant has the duty to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails.' [Citations omitted.]").

Moreover, our Supreme Court has held that the written notices must substantially comply with the statute. Our research has revealed no case in which an insufficient notice has been held harmless because a driver was or was believed to be a first time offender. As a result, we conclude that the officer's implied consent advisory did not fulfill the notice requirement of K.S.A. 2005 Supp. 8-1001(f).

Affirmed.