NOT DESIGNATED FOR PUBLICATION

No. 113,829

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GREGORIO GONZALEZ,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Finney District Court; PHILIP C. VIEUX, judge. Opinion filed September 16, 2016. Affirmed.

*John M. Lindner*, of Lindner & Marquez, of Garden City, for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam*:  Gregorio Gonzalez sought judicial review of the Kansas Department of Revenue's (KDR) decision suspending his driving privileges based on reasonable grounds to believe that he had been operating a motor vehicle while under the influence of alcohol (DUI). The Finney County District Court affirmed this suspension, and Gonzalez appealed. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On February 3, 2013, Officers Jason Hoke and Jerry Quint were dispatched to the scene of an accident. Upon arriving at the scene, Officer Hoke saw a vehicle that appeared to have been T-boned with damage so significant to the passenger's side the door did not appear functional. Officer Quint testified that, in his opinion, the vehicle was so damaged on the passenger's side that it would not have been possible for anyone to have been in the passenger's seat without being seriously injured. The other vehicle involved in the accident fled the scene.

Officer Hoke spoke with Gonzalez and asked for his insurance and registration. Gonzalez had difficulty producing the information. Although the officers did not recall Gonzalez identifying himself as the driver, Gonzalez never denied to either officer he was the driver. Officer Hoke testified that Gonzalez smelled of a strong odor of alcohol, his speech was slurred, his eyes were bloodshot, he exhibited poor balance and coordination, and he admitted to consuming alcohol. A witness identified Gonzalez as the person who was in the vehicle. This witness did not indicate she saw anyone flee from Gonzalez' vehicle.

Gonzalez testified he had been drinking at a house which location he could not remember, and with people unknown to him that he met earlier in the day. Gonzalez further testified that he was not the driver of the vehicle. He stated someone unknown to him was driving him home when the accident occurred and the driver fled the scene. Gonzalez did not tell the officers of this unknown driver at the scene of the accident. Both officers testified there was no indication Gonzalez was not the driver of the vehicle.

Officer Hoke arrested Gonzalez and testified he was "absolutely certain" that he had provided Gonzalez with both written and oral implied consent advisories. Gonzalez claimed that he was not provided with the written advisory.

2

The KDR suspended Gonzalez' driver's license. Gonzalez appealed the suspension, and the district court affirmed. The district court found that based on the testimony at trial, it was more probably true than not Gonzalez was the driver, he was involved in an accident, he was intoxicated, and he received the written implied consent advisory.

Gonzalez timely appeals the suspension of his driver's license.

## DID THE DISTRICT COURT ERR IN FINDING THE CERTIFYING OFFICER HAD REASONABLE GROUNDS TO BELIEVE GONZALEZ WAS OPERATING HIS VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL?

Gonzalez argues the district court erred in finding that the certifying officer had reasonable grounds to believe Gonzalez was operating his vehicle while DUI.

Appellate courts review the district court's determination to suspend a license for substantial competent evidence. *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 772, 148 P.3d 538 (2006). Substantial evidence is "such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion." *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 2, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007). "Whether substantial competent evidence exists is a question of law." *Redd v. Kansas Truck Center*, 291 Kan. 176, 182, 239 P.3d 66 (2010). "[A]n appellate court does not reweigh evidence or pass on the credibility of the witnesses." *Unruh v. Purina Mills*, 289 Kan. 1185, 1195, 221 P.3d 1130 (2009).

In *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, 836, 888 P.2d 832 (1995), our Supreme Court stated:

> "[W]hen a blood alcohol test is refused, the KDR need only prove a law enforcement officer had reasonable grounds to believe the person was operating or attempting to

operate a motor vehicle while under the influence of alcohol or drugs and not that the person had actually operated or attempted to operate the motor vehicle."

The Kansas Supreme Court has held the term reasonable grounds synonymous with probable cause. *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 514, 242 P.3d 1179 (2010). "Probable cause exists where the officer's knowledge of the surrounding facts and circumstances creates a reasonable belief that the defendant committed a specific crime" and is determined based on the totality of the circumstances. 291 Kan. at 515.

Here, the district court found:

"[Gonzalez] seems to have a selective memory of the events, switching between not knowing who he was with, where he was drinking, or how the accident happened, to suddenly being absolutely certain someone else was driving, that someone else ran away, and he did not get the written advisory. His memory consisted only of items of information that appeared to [be] advantageous to his scenario (first revealed at trial) of not being the driver. The officer had reasonable grounds to believe [Gonzalez had] been operating the vehicle while intoxicated."

The district court did not find Gonzalez' testimony credible. Gonzalez did not tell either of the responding officers that he was not the driver of the vehicle, nor did he tell the officers of the alleged unknown driver who fled the scene of the accident. Additionally, there was significant damage to the passenger's side of the vehicle, and Gonzalez' injuries were inconsistent with that level of damage. Finally, the witness to the accident made no indication that there was another person in or driving Gonzalez' vehicle who fled the scene after the collision. Based on the totality of the circumstances, there was a reasonable belief that Gonzalez was the driver of the vehicle, and the district court did not err in finding the certifying officer had reasonable grounds to believe Gonzalez was operating a vehicle while DUI.

4

## DID THE DISTRICT COURT ERR IN FINDING THAT IT WAS MORE PROBABLY TRUE THAN NOT TRUE THAT GONZALEZ RECEIVED THE WRITTEN IMPLIED CONSENT ADVISORY?

Next, Gonzalez argues that he never received a written copy of the written implied consent advisory.

A driver suspected of being DUI must be given oral and written implied consent advisories by the officer requesting the driver to submit to a chemical test pursuant to K.S.A. 2015 Supp. 8-1001(k) and (m). Failure to give these advisories requires suppression of the test in administrative suspension of license proceedings. See *State v. Kogler*, 38 Kan. App. 2d 159, 161, 164, 163 P.3d 330 (2007). Again, "an appellate court does not reweigh evidence or pass on the credibility of the witnesses." *Unruh*, 289 Kan. at 1195.

Gonzalez testified at trial that he did not receive the written implied consent advisory. Officer Hoke testified that although he did not specifically remember giving Gonzalez a written implied consent advisory, he always gives written implied consent advisories. He further testified that his DUI packet starts with two copies of the written advisory—one for him and one for the DUI suspect—and the packet from Gonzalez' arrest had only one advisory remaining. The district judge specifically stated, "The testimony of the officer, in light of the demonstrated lack of credibility of [Gonzalez], causes the court to find that it is more probably true than not true that the written warning was given to the [Gonzalez]." Because of this, the district court did not err in finding that it was more probably true than not true Officer Hoke gave Gonzalez the written implied consent advisory.

Affirmed.