NOT DESIGNATED FOR PUBLICATION

No. 118,325

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SEAN E. WILLIAMSON,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed November 2, 2018.
Reversed and remanded with directions.

*Ashley R. Iverson*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Barry A. Clark*, of Clark & Platt, Chtd., of Manhattan, for appellee.

Before ARNOLD-BURGER, C.J., HILL and BUSER, JJ.

BUSER, J.:  This is an appeal by the Kansas Department of Revenue (KDR) of the district court's judgment reversing the KDR's suspension of Sean E. Williamson's driving privileges. Upon our review we conclude the district court erred as a matter of law in its ruling. Accordingly, we reverse and remand with directions to reinstate the suspension.

FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2016, Williamson was arrested for driving under the influence of alcohol (DUI). Officer Aaron Wright read Williamson the required implied consent

1

advisories from a revised DC-70 form and provided him with a written copy. The revised DC-70 form provided all the required advisories listed in K.S.A. 2015 Supp. 8-1001(k) except for subsections (k)(2) and (k)(4). The two subsections had been deleted on the revised DC-70 form because they were in conflict with recent decisions by our Supreme Court.

After Williamson asked Officer Wright to see the actual statute, the officer accessed K.S.A. 2015 Supp. 8-1001(k) on his computer. Officer Wright and Williamson then read the advisories as provided in K.S.A. 2015 Supp. 8-1001(k), but did not print off a copy. Unlike the revised DC-70 form, the statute included subsections (k)(2) and (k)(4). Williamson refused to submit to a breath test. As a result, the KDR suspended his driving privileges after an administrative hearing.

Williamson appealed his suspension to the district court contending the revised DC-70 form did not substantially comply with K.S.A. 2015 Supp. 8-1001(k) because it omitted subsections (k)(2) and (k)(4) from the revised form. After a bench trial, the district court held that Officer Wright exercised good faith in advising Williamson of the implied consent advisories. As a result, the district court upheld the suspension.

Williamson filed a motion to alter or amend the judgment. Upon reconsideration, the district court held there was not substantial compliance with K.S.A. 2015 Supp. 8-1001(k) and the good-faith exception was inapplicable under the circumstances of this case. As a result, the district court reversed the suspension of Williamson's driving privileges reasoning that at the time of his arrest, K.S.A. 2015 Supp. 8-1001(k) was still in effect, and it required that individuals receive all the statutory advisories in written and verbal form. The district court noted that although Officer Wright and Williamson read all the required statutory advisories from the computer, Williamson did not receive a printed copy of all the statutory advisories displayed on the computer. KDR filed a motion to alter or amend the district court's judgment, but the motion was denied.

2

KDR filed a timely appeal.

## DID OFFICER WRIGHT SUBSTANTIALLY COMPLY WITH K.S.A. 2015 SUPP. 8-1001(k)?

On appeal, KDR contends the district court erred in its legal conclusion that Officer Wright did not substantially comply with the implied consent advisories mandated by K.S.A. 2015 Supp. 8-1001(k) when he informed Williamson of the advisories as stated on the revised DC-70 form. KDR seeks reversal of the district court's order reinstating Williamson's driving privileges.

At the outset, a brief summary of our standard of review is in order. Generally, a substantial competent evidence standard of review is utilized in a case involving an administrative suspension of a driver's license. When the facts are undisputed, however, as they are in the present appeal, the appellate court defers to the district court's factual findings and exercises de novo review of the legal issues. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Moreover, issues of statutory and constitutional interpretation raise pure questions of law for which our review is unlimited. *Katz v. Kansas Dept. of Revenue*, 45 Kan. App. 2d 877, Syl. ¶ 1, 256 P.3d 876 (2011).

K.S.A. 2015 Supp. 8-1001(k) establishes that before a blood, breath, or urine test is administered, the driver arrested for DUI shall be given oral and written notice regarding provisions of the Kansas implied consent law and the consequences of refusing to submit to testing or failing the test. In order to properly interpret the statutory language of K.S.A. 2015 Supp. 8-1001(k), a brief summary of recent legal developments in Kansas DUI jurisprudence is necessary.

On February 26, 2016, our Supreme Court filed two important opinions relating to Kansas implied consent advisories required to be provided to drivers arrested in DUI

3

cases. In *State v. Ryce*, 303 Kan. 899, 963-64, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017), our Supreme Court held that it was facially unconstitutional to impose criminal penalties on a licensee if that individual withdrew consent or refused to submit to a breath test. Next, in *State v. Nece*, 303 Kan. 888, 897, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017), our Supreme Court held that a defendant's consent to a breath alcohol test is coerced if it is given after receiving implied consent advisories that are unconstitutional. Of note, the Supreme Court stayed the initial decisions in these cases as it awaited an opinion from the United States Supreme Court in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016).

On June 23, 2016, the United States Supreme Court held that a warrantless breath test is a reasonable search under the Fourth Amendment as a search incident to a lawful arrest. *Birchfield*, 136 S. Ct. at 2184. In light of *Birchfield*, our Supreme Court granted review of *Ryce I* and *Nece I* and then affirmed those decisions in *State v. Ryce*, 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*) and *State v. Nece*, 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*).

Following the *Ryce I* and *Nece I* decisions, the Kansas Attorney General created a revised DC-70 form which omitted the two unconstitutional provisions. Specifically, the form omitted subsections (k)(2) and (k)(4). These two subsections provided:

> "(k) Before a test or tests are administered under this section, the person shall be given oral and written notice that:
> . . . .
> (2) the opportunity to consent to or refuse a test is not a constitutional right;
> . . . .
> (4) if the person refuses to submit to and complete any test of breath, blood or urine hereafter requested by a law enforcement officer, the person may be charged with a separate crime of refusing to submit to a test to determine the presence of alcohol or

4

drugs, which carries criminal penalties that are greater than or equal to the criminal penalties for the crime of driving under the influence, if such person has:

        (A) Any prior test refusal . . . ; or

        (B) any prior conviction for [DUI] . . . enter[ed] into a diversion agreement . . ."

K.S.A. 2016 Supp. 8-1001(k).

KDR contends—and Williamson does not dispute—that the revised DC-70 form comports with our Supreme Court's opinions in *Ryce* and *Nece*. KDR argues that by deleting subsections (k)(2) and (k)(4) from the DC-70 form, law enforcement officers obeyed Kansas Supreme Court precedent. KDR also asserts that Officer Wright substantially complied with the implied consent statute because by providing Williamson with the revised form and advisories, the officer correctly advised him of the lawful consequences he faced if he refused to submit to a breath test.

On the other hand, Williamson contends the revised DC-70 form did not substantially comply with K.S.A. 2015 Supp. 8-1001(k) because it omitted two essential subsections that, although at variance with Fourth Amendment principles according to our Supreme Court, were mandated to be provided to Williamson under K.S.A. 2015 Supp. 8-1001(k). Although Williamson read these two subsections on a computer screen that displayed K.S.A. 2015 Supp. 8-1001(k), he still complains that he was not provided with a printed document of what was displayed on the computer screen.

This appeal highlights the dilemma faced by Officer Williamson: Comply with our Supreme Court's opinions in *Ryce I* and *Nece I*, and use the revised DC-70 form which omits the unconstitutional subsections at the risk of not complying with K.S.A. 2015 Supp. 8-1001(k) as written, or provide all the statutory implied consent advisories verbatim and erroneously advise Williamson regarding his constitutional rights and potential criminal liability for not consenting to the breath test.

5

The question on appeal: Did Officer Wright substantially comply with K.S.A. 2015 Supp. 8-1001(k) by informing Williamson of the implied consent advisories as stated on the revised DC-70 form?

We begin our analysis with the overarching proposition that "[b]ecause there are legal consequences for an accused [who] either refuses or fails a breath test, the law requires that such persons to be told of those consequences before they decide to take the test." *State v. Kaiser*, No. 102,845, 2010 WL 3853206, at *1 (Kan. App. 2010) (unpublished opinion). Because the implied consent statute is remedial in nature, it should be liberally construed. *Katz*, 45 Kan. App. 2d at 894. As a general rule, substantial compliance with statutory notice provisions is sufficient. *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, 680-81, 840 P.2d 448 (1992). "To substantially comply with the requirements of the statute, a notice must be sufficient to advise the party to whom it is directed of the essentials of the statute." *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 (1988). However, substantial compliance does not require a verbatim reading of the statute. *Meigs*, 251 Kan. at 680-81.

Kansas appellate courts have previously addressed the issue of substantial compliance as it relates to the Kansas implied consent law. In *Barnhart*, the arresting officer did not read verbatim an advisory found in K.S.A. 1985 Supp. 8-1001(f) that informed the driver of a right to an attorney after testing was completed and that the driver may obtain additional testing. Our Supreme Court held the advisory provided to Barnhart, although not verbatim, substantially complied with the implied consent statute because he received notice of the statute's essentials. 243 Kan. at 213. In particular, the advisory did not mislead Barnhart because he was fully informed of his statutory right to obtain additional testing. In his brief, Williamson recognizes that *Barnhart* provides that while verbatim advisories are not required under K.S.A. 2015 Supp. 8-1001(k), the notices must convey the essentials of the statute.

6

On the other hand, our Supreme Court in *Meigs* held that an advisory provided to the driver did not substantially comply with the implied consent statute. 251 Kan. at 683. In *Meigs*, the arresting officer informed Meigs that refusing a blood alcohol test would result in at least a 180-day suspension, however, the statute provided that the suspension term was for at least 1 year. Although the warning conveyed that a refusal would result in a suspension, our Supreme Court—quoting from the *Meigs* Court of Appeals opinion—noted that the Legislature mandated notification of the exact period of the suspension and "'[a]n accurate and precise notice of that risk is required by statute.'" 251 Kan. at 681. Because the actual risk of a one-year suspension was significantly greater than the shorter period that Meigs was told she could receive, our Supreme Court determined there was no substantial compliance with the statute. As a result, the district court's order vacating the driver's license suspension was affirmed on appeal. 251 Kan. at 683.

Finally, in *City of Overland Park v. Lull*, 51 Kan. App. 2d 588, 349 P.3d 1278 (2015), the DC-70 form omitted an entire paragraph of the statutory advisory. As a result, the arresting officer did not inform Lull that, because he was a repeat DUI offender, the penalty for refusing to submit to alcohol testing was more severe as it related to him. Because the officer did not substantially comply with K.S.A. 2012 Supp. 8-1001(k), our court found that Lull did not receive the information necessary to make an informed decision regarding whether to refuse or submit to a breath test. As a result, the incriminating breath test results were suppressed prior to trial.

Based on *Lull*, *Meigs*, and *Barnhart*, the critical issue is whether the implied consent advisories provided by the revised DC-70 form properly advised Williamson of the essential provisions of K.S.A. 2015 Supp. 8-1001(k) so that he could make an informed decision as to whether or not he should consent and submit to the breath test.

Our court recently addressed the substantial compliance issue regarding the revised DC-70 form in three unpublished cases. In *White v. Kansas Dept. of Revenue*, No.

7

117,956, 2018 WL 1769396, at *5 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* May 9, 2018, White was arrested for DUI in June 2016, subsequent to the filing of the *Ryce I* and *Nece I* opinions. As in the present case, the officer provided White with implied consent advisories as stated in the revised DC-70 form. White consented and then failed the breath test, which resulted in her license being suspended.

On appeal, White asserted that the officer violated her statutory rights by failing to provide all of the warnings that are required under K.S.A. 2015 Supp. 8-1001(k). Our court, however, held the revised DC-70 form and the arresting officer substantially complied with the implied consent laws. 2018 WL 1769396, at *6. In particular, we emphasized the implied consent statute's severability clause, K.S.A. 8-1007, which specifically provides that "[t]his act shall be construed as supplemental to existing legislation" and the remaining portions of the statute should continue to be enforced if other portions are found to be unconstitutional. 2018 WL 1769396, at *5. In *White*, our court held that because it was the Legislature's intent for the remaining portion of K.S.A. 2015 Supp. 8-1001(k) to survive and be enforceable, the revised DC-70 form reflected that legislative purpose. 2018 WL 1769396, at *6. We also noted that substantial compliance did not require the officer to erroneously advise White of the possible adverse consequences of withdrawing her consent to testing. 2018 WL 1769396, at *6.

In *State v. Barta*, No. 117,990, 2018 WL 1883878 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* May 15, 2018, the defendant consented to a breath test after being advised of the revised DC-70 advisories. Barta sought suppression of the incriminating breath test results because the revised DC-70 form omitted the language in K.S.A. 2015 Supp. 8-1001(k)(4). In affirming the district court's denial of the motion to suppress, our court found the revised DC-70 was in substantial compliance with K.S.A. 2015 Supp. 8-1001(k). 2018 WL 1883878, at *4-5. We observed that by omitting subsection (k)(4), the defendant's consent was not coerced which was a concern

8

addressed in the *Ryce* and *Nece* opinions. Our court also noted that the severability clause of K.S.A. 8-1007 also justified the attorney general's modification of the DC-70 to comply with the holdings of the *Ryce* and *Nece* opinions. 2018 WL 1883878, at *4.

Finally, in *Bynum v. Kansas Dept. of Revenue*, No. 117,874, 2018 WL 2451808 (Kan. App. 2018) (unpublished opinion), following his arrest for DUI, Bynum refused a breath test after he was advised of the revised DC-70 advisories. Barta's driver's license was suspended and he appealed to the district court which affirmed the suspension. On appeal to our court, Bynum claimed the revised DC-70 form omitted the language of K.S.A. 2016 Supp. 8-1001(k)(2) and (4). Our court, citing *White* and *Barta* concluded: "We find the analysis and conclusions set forth in *Barta* and *White* to be pertinent, persuasive, and determinative of the issues herein." *Bynum*, 2018 WL 2451808, at *4. Accordingly, in affirming the license suspension, our court found the revised DC-70 form read to Bynum by the arresting officer was in substantial compliance with K.S.A. 2016 Supp. 8-1001(k). 2018 WL 2451808, at *4.

*White, Barta*, and *Bynum* provide persuasive authority in addressing the question presented on appeal. Officer Wright would have misled Williamson about the consequences of withdrawing his implied consent if he had informed him of K.S.A. 2015 Supp. 8-1001(k)(2) and (k)(4). Since K.S.A. 8-1007 specifically provides a severability clause, once the offending subsections were severed, informing Williamson about the remaining statutory advisories constituted substantial compliance under K.S.A. 2015 Supp. 8-1001(k).

Williamson counters that at the time of his arrest, *Ryce I* and *Nece I* had no precedential value because our Supreme Court had granted a rehearing on both cases. Consequently, Williamson argues these cases had no precedential effect and the two

9

statutory provisions in question were still valid Kansas law. See Supreme Court Rule 8.03(j) (2018 Kan. S. Ct. R. 53).

In addressing this argument, we find some guidance in *State v. Kraemer*, 52 Kan. App. 2d 686, 371 P.3d 954 (2016). In *Kraemer*, after the driver was arrested for DUI, he was informed of the advisory based on 8-1001(k)(4), and submitted to a breath test. After Kraemer was charged, he argued that his consent was coerced because he was improperly advised that he could be charged with an additional crime upon his refusal of the test. The district court agreed and found that Kraemer's consent was coerced, but denied his motion to suppress because the officer had acted in good faith.

Upon our court's review, in April 29, 2016, we noted *Ryce I*'s holding that directly supported Kraemer's claim that his consent was coerced by the implied consent advisory that violated the Fourth Amendment. We concluded that, "[a]lthough the mandate in *Ryce* has not yet issued, we must accept the Kansas Supreme Court's analysis and its ultimate holding." 52 Kan. App. 2d at 696. Similarly, in Williamson's appeal we conclude that, given our Supreme Court's opinions in *Ryce I* and *Nece I*, despite the procedural posture that mandates had not been issued in those cases, Officer Wright appropriately followed our Supreme Court's holdings and, therefore, substantially complied with K.S.A. 2015 Supp. 8-1001(k).

In support of its substantial compliance argument, KDR points out that the omitted advisory in K.S.A. 2015 Supp. 8-1001(k)(4) regarding the possible criminal penalties applicable when an arrested driver refuses the breath test did not apply to Williamson because he did not have any prior DUI convictions or breath test refusals. KDR argues: "Although no evidence had been proffered by [Williamson] to prove he is susceptible to criminal sanctions, confirmation of the absence of any such convictions is before the court in [Williamson's] driver's history, included in the agency record that was filed with [KDR's] Answer." In response, Williamson acknowledges that a "driver's license inquiry"

10

is part of the record but notes that it "does not show the presence or absence of convictions. It is unclear."

"When dealing with an omission [of an implied consent advisory], this court has found no error when the omitted paragraph did not apply to the driver in any way." *Lull*, 51 Kan. App. 2d at 593. One case is particularly relevant. In *Kaiser*, the driver who was 47 years old, was arrested for DUI. Given his age, the officer did not read aloud a paragraph on the DC-70 form that advised drivers under the age of 21 that their driver's license could be suspended for one year if their breath test results were above the legal limit. Kaiser agreed to submit to a breath test.

After being charged with DUI, Kaiser unsuccessfully sought to suppress the results of the breath test. He claimed there was not substantial compliance with the Kansas implied consent law because the arresting officer failed to read the advisory that only pertained to drivers under the age of 21. Our court held that, because of his age, the omitted paragraph did not apply to Kaiser. As a result, we found no error and concluded there was substantial compliance with K.S.A. 2007 Supp. 8-1001 under the circumstances. 2010 WL 3853206, at *2.

*Kaiser* is persuasive authority in support of KDR's argument. There is some evidence in the record suggesting that Williamson did not have any prior DUI convictions or alcohol test refusals. Because K.S.A. 2015 Supp. 8-1001(k)(4) did not apply to Williamson, there is an additional basis to conclude that the omission of subsection (k)(4) did not adversely affect Officer Wright's substantial compliance with the statute.

Based on all the reasons discussed, we hold that by providing Williamson with the revised DC-70 form and reading it to him, Officer Wright substantially complied with K.S.A. 2015 Supp. 8-1001(k).

11

Finally, KDR presents an alternative argument that should our court find there was no substantial compliance, the good-faith exception should apply to this case. Given our holding, however, we decline to review this alternative argument.

Reversed and remanded with directions to reinstate the suspension of Williamson's driving privileges.