No. 111,741[1]

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF OVERLAND PARK,
*Appellee*,

v.

JOSHUA CHARLES LULL,
*Appellant*.

SYLLABUS BY THE COURT

1.

K.S.A. 2012 Supp. 8-1001(k) provides that before a blood, breath, or urine test is administered, the person shall be given oral and written notice regarding specific aspects of the Kansas Implied Consent Law and the consequences of refusing to submit to and complete the test when requested and failing the completed test.

2.

To substantially comply with the requirements of the statute, a notice must be sufficient to advise the party to whom it is directed of the essentials of the statute.

3.

When there is not substantial compliance with the notice statute, no prejudice need be shown.

4.

The erroneous admission of evidence is subject to review for harmless error under K.S.A. 60-261.

1

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed March 13, 2015. Reversed and remanded with directions.

*Jay Norton*, of Norton Hare, LLC, of Overland Park, for appellant.

*Renee S. Henry*, assistant city attorney, for appellee.

Before HILL, P.J., STANDRIDGE and ATCHESON, JJ.

HILL, J.:  In this appeal Joshua Charles Lull asks us to overturn his jury conviction for driving under the influence of alcohol. Lull has convinced us that the district court erred when it denied his motion seeking to suppress evidence of his refusal to take a breath test. Because the investigating officer did not substantially comply with the notice requirements under K.S.A. 2012 Supp. 8-1001(k) when she omitted reading an entire paragraph of the notice that clearly applied to Lull, we reverse the conviction and remand for a new trial.

*Lull is arrested following an accident.*

One afternoon in September 2012, Officer Tina Morse of the Overland Park Police Department responded to the scene of an injury accident in which a truck driven by Lull had struck a U.S. mail truck at an intersection, causing the mail truck to tip on its side, trapping the driver.

Officer Morse talked with Lull and immediately noticed his eyes were bloodshot and watery and the smell of consumed alcohol emanated from his breath. Lull admitted to having just come from a bar where he had two drinks. When asked to produce proof of his insurance, Lull initially gave Officer Morse his medical insurance card.

2

Based on these observations, Officer Morse asked Lull to perform field sobriety testing. Lull did the horizontal gaze nystagmus test, alphabet test, number test, walk-and-turn test, and one-leg stand test. Lull completed the alphabet test but indicated impairment when performing the number test, exhibited three clues of impairment on the walk-and-turn test, and exhibited the same clue of impairment on the one-leg stand test four separate times. Officer Morse then arrested Lull for DUI.

Once at the station, Officer Morse started the required 20-minute alcohol deprivation period before the administering of a breath test and provided Lull with a copy of the DC-70 form. Officer Morse observed Lull follow along while the DC-70 form was read to him. At one point, however, Officer Morse became distracted by Lull's comments and lost her place on the DC-70 form. In doing so, Officer Morse failed to read paragraph 7 to Lull. Officer Morse was unaware she had not read paragraph 7 to Lull until she subsequently viewed the video of their interaction. After Lull indicated that he understood the DC-70 form as read to him, Lull was asked to submit to a breath test. Lull refused, indicating he had been told by attorneys not to take the test.

*The case moves on to district court.*

Lull was convicted in Overland Park Municipal Court of DUI, a second offense, refusal of preliminary breath test, and failure to yield right of way. Lull appealed to the Johnson County District Court. Before trial, Lull filed a motion in limine arguing his test refusal should be suppressed because Officer Morse failed to comply with the oral notice requirements under K.S.A. 2012 Supp. 8-1001(k).

At the suppression hearing, the City of Overland Park did not dispute that Officer Morse failed to read paragraph 7 of the DC-70 form. However, the City argued that Officer Morse substantially complied with K.S.A. 2012 Supp. 8-1001(k) because the officer's omission of paragraph 7 was a technical irregularity and Lull had received

3

proper written notice advising him of the essentials of the statute. The district court denied Lull's motion and his subsequent renewed motion in limine raising the same argument.

During the jury trial, the district court overruled Lull's objection to the admission of evidence of his test refusal based on the same arguments raised in his motions in limine. The jury found Lull guilty of DUI second offense and failure to yield.

Lull argues to us that the district court erred when it denied his motion in limine seeking to suppress his test refusal. Specifically, Lull claims that Officer Morse's failure to read paragraph 7 of the DC-70 form in its entirety is not in substantial compliance with the oral notice provisions of K.S.A. 2012 Supp. 8-1001(k). Lull also argues the district court erred when it found that the failure to provide the required notice only concerned the civil administrative action against his driving license.

*How we approach this question.*

Generally, we review a district court's decision on a motion to suppress using a bifurcated standard. First, without reweighing the evidence or assessing the credibility of witnesses, we review the district court's findings to determine whether they are supported by substantial competent evidence. Then, the final legal conclusion of whether to suppress is a question of law which we review de novo. However, when the material facts to a trial court's decision on a motion to suppress evidence are not in dispute, as in the case here, the question of whether to suppress is a question of law over which an appellate court has unlimited review. *State v. Martinez*, 296 Kan. 482, 485, 293 P.3d 718 (2013). Moreover, the issue raised by Lull requires statutory interpretation, which is a question of law subject to unlimited appellate review. *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011). Finally, the City bore the burden at the suppression hearing. See *State v. Morlock*, 289 Kan. 980, 985, 218 P.3d 801 (2009).

4

*The officer did not substantially comply with the notice statute.*

K.S.A. 2012 Supp. 8-1001(k) provides that before a blood, breath, or urine test is administered, the person shall be given oral and written notice regarding specific aspects of the Kansas Implied Consent Law and the consequences of refusing to submit to and complete the test when requested and failing the completed test. The notice provisions of K.S.A. 8-1001 are mandatory. *State v. Luft*, 248 Kan. 911, Syl. ¶ 1, 811 P.2d 873 (1991). However, the Kansas Supreme Court has ruled that substantial compliance with the notice provisions of the statute is sufficient. "To substantially comply with the requirements of the statute, a notice must be sufficient to advise the party to whom it is directed of the essentials of the statute." *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 (1988). When there is not substantial compliance with the statute, no prejudice need be shown. *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, 682, 840 P.2d 448 (1992).

Paragraph 7 of the DC-70 form gives notice of the rights found in K.S.A. 2012 Supp. 8-1001(k)(6)(A), which provides in relevant part that the officer must inform the driver that if he or she submits to and completes the test(s) and the test results show an alcohol concentration of .08 or greater, their driving privileges will be suspended for 1 year for the second or subsequent occurrence.

The district court found Officer Morse substantially complied with the entire implied consent notice under K.S.A. 2012 Supp. 8-1001(k) except for reading paragraph 7. In addressing the omission of paragraph 7, the district court noted that paragraph 7 concerned the length of suspension Lull faced if he failed an evidentiary test and then reasoned, "[T]he length of suspension is a different question than whether or not [Lull] was informed of his rights on taking the test." The district court pointed out that Lull was not alleging his suspension should have been something less than it should have been for his second DUI because Officer Morse did not read him paragraph 7. The district court

5

stated it believed paragraph 7 "goes to the civil aspect . . . not the criminal, because [Lull] did get notice of what he was to do."

The district court then concluded that Officer Morse's failure to read paragraph 7 or give the complete proper notice was cured by Officer Morse having read Lull both paragraph 6 and, more specifically, paragraph 4 of the DC-70 form. Paragraph 6 correlates with K.S.A. 2012 Supp. 8-1001(k)(6)(A) and (B), which gives notice that a person with no prior convictions for DUI who submits to and fails an evidentiary test will either have his or her driving privileges suspended for 30 days if the test results are greater than .08 or for 1 year if greater than .15. And Paragraph 4 advised Lull of the rights found in K.S.A. 2012 Supp. 8-1001(k)(5)—that a person's driving privileges will be suspended for a year for refusing to submit to a breath, blood, or urine test. After quoting paragraph 4, the district judge stated, "So that's what he was informed. That's the reason I believe that he had adequate information on his refusal."

The City cites *Schilling v. Kansas Dep't of Revenue*, No. 109,743, 2014 WL 2871335 (Kan. App. 2014) (unpublished opinion), and argues that even if this court should construe Officer Morse's failure to give the notice under paragraph 7 an error, such an omission is still a technical violation that does not support suppression under K.S.A. 2012 Supp. 8-1001(s).

In *Schilling,* the court found the officer substantially complied with the notice provisions despite misstating the blood alcohol limit during the oral reading as "1.5 or greater" instead of ".15 or greater" because the driver had also been provided the correct information in the written version and had testified to following along while it was read. 2014 WL 2871335, at *3. In finding the misstatement was merely a technical violation of the statute the court cited language from *State v. Menke*, No. 101,426, 2009 WL 1911759 (Kan. App. 2009) (unpublished opinion). In *Menke*, the court cited K.S.A. 2007 Supp. 8-1001(n), the prior version of K.S.A. 2012 Supp. 8-1001(s), after it concluded the

6

misstatement of "08" instead of ".08" during the oral notice cannot be more than a technical violation of the statute. 2009 WL 1911759, at *3.

The City's reliance on *Schilling* or *Menke,* which both concerned the suppression of breath test results, is misplaced. K.S.A. 2012 Supp. 8-1001(s) speaks only in terms of suppression of test *results*, not a test *refusal* as in the case here. Even though K.S.A. 2012 Supp. 8-1001(v) states: "This act is remedial law and shall be liberally construed to promote public health, safety and welfare," we ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. Where there is no ambiguity, the court need not resort to statutory construction. See *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010). And as a general rule, criminal statutes are strictly construed in favor of the accused. *State v. Cameron*, 294 Kan. 884, 899, 281 P.3d 143 (2012). K.S.A. 2012 Supp. 8-1001(s) clearly has no place in our discussion.

Here, it is undisputed that Officer Morse read the DC-70 form word for word with the exception of omitting paragraph 7. Thus, unlike *Schilling* or *Menke*, we clearly have an omission while reading the DC-70 form, *not* a misstatement. When dealing with an omission, this court has found no error when the omitted paragraph did not apply to the driver in any way. *State v. Kaiser*, No. 102,845, 2010 WL 3853206, at *2 (Kan. App. 2010) (unpublished opinion). However, paragraph 7 clearly applied to Lull—Officer Morse in fact testified that Lull had told her it was his second DUI.

The district court's finding that notice to Lull did not have to include the actual duration of the applicable driving license suspension or civil penalty for failing an evidentiary test is erroneous and does not comply with the *mandatory* statutory requirements that certain notices be given. See *Luft*, 248 Kan. 911, Syl. ¶ 1. The purpose of the implied consent law is to coerce submission to chemical testing in part by the threat of statutory penalties of license suspension. *Cuthbertson v. Kansas Dept. of Revenue*, 42 Kan. App. 2d 1049, 1055, 220 P.3d 379 (2009). To accomplish this, the

7

legislature sought to convey to a driver the distinction between the specific penalties for refusing to take an evidentiary test and those penalties for having no prior occurrence or a second or subsequent occurrence. See K.S.A. 2012 Supp. 8-1001(k)(6)(A) and (B).

The district court, in its ruling, and the City on appeal suggest that we should look at whether a driver refuses or elects to take the evidentiary test first and then determine if he or she had proper notice. However, K.S.A. 2012 Supp. 8-1001(k) clearly and unambiguously provides that all the required notices be given before asking the driver to submit to a breath test. See *Luft*, 248 Kan. 911, Syl. ¶ 1. By omitting paragraph 7, Officer Morse did not inform Lull that the statutory penalty for him as a repeat DUI offender was more severe for him than those described in paragraph 6, *i.e.*, automatic suspension of driving license for 1 year instead of an automatic suspension of either 30 days or 1 year depending on his blood alcohol level. Thus, Lull did not receive the information necessary for him to make an informed decision as to whether to take the test or not. See *Barnhart*, 243 Kan. at 213.

In this case, the City charged Lull with DUI in violation of Overland Park Municipal Code Section 12.04.030 (a)(1)-(3). The City had to prove Lull was under the influence of alcohol to a degree that rendered him incapable of safely driving a vehicle. See K.S.A. 2012 Supp. 8-1567(a)(3). Evidence of the incapacity to drive safely can be established through sobriety tests and other means. *State v. Huff*, 33 Kan. App. 2d 942, 945, 111 P.3d 659 (2005). The jury, in convicting Lull, considered his test refusal as evidence of his intoxication. See K.S.A. 2012 Supp. 8-1001(n). However, Officer Morse's failure to substantially comply with the notice provisions of K.S.A. 2012 Supp. 8-1001(k) required suppression of Lull's test refusal. Thus, we must look to the record to determine whether the district court's erroneous admission of evidence was harmless.

The erroneous admission of evidence is subject to review for harmless error under K.S.A. 60-261. *State v. Longstaff*, 296 Kan. 884, 895, 299 P.3d 268 (2013). Where an

8

error implicates a statutory but not federal constitutional right, the party benefiting from the error must persuade the court that there is no reasonable probability that the error affected the trial's outcome in light of the entire record for it to be deemed harmless. *State v. McCullough*, 293 Kan. 970, Syl. ¶ 9, 270 P.3d 1142 (2012).

Officer Morse stated that she based her opinion that Lull was too intoxicated to drive on the fact that he had crashed his truck, his failure of the field sobriety test, and the totality of her observations. The accident Lull caused resulting in injury to the driver of the mail truck constitutes circumstantial evidence the jury could consider in determining whether Lull was DUI. See *State v. Mourning*, 233 Kan. 678, 681-82, 664 P.2d 857 (1983). And Officer Morse observed Lull had bloodshot and watery eyes, smelled of alcohol, admitted to having just come from a bar where he had consumed alcohol, and failed both the number test and walk-and-turn test when taking the field sobriety tests.

The State discussed the breath test refusal by first informing the jury that Lull did not have a right to consult with an attorney about taking the test and if someone refuses the test it can be used against that person in court and that person will lose his or her license. The State then argued, "Yet, Mr. Lull refused to take the test. The reason he refused was because he knew he was under the influence to a degree he could not safely operate that vehicle." The State made a similar argument during its rebuttal: "[T]here's one reason you refuse to take the test, and you lose your license. That's because you're under the influence, and you know it."

With such a strong argument by the State, we are unconvinced that had the test refusal evidence been excluded, the jury would still have found Lull guilty beyond a reasonable doubt. We reverse Lull's conviction and remand for a new trial, directing the suppression of evidence of his breath test refusal.

Reversed and remanded with directions.

9

[1]**REPORTER'S NOTE:** Previously filed as an unpublished opinion, the Supreme Court granted a motion to publish under Rule 7.04 (2014 Kan. Ct. R. Annot. 62). The published version was filed with the Clerk of the Appellate Courts on June 9, 2015.