NOT DESIGNATED FOR PUBLICATION

No. 112,863

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL A. CHALFANT,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee.*

MEMORANDUM OPINION

Appeal from Trego District Court; GLENN R. BRAUN, judge. Opinion filed October 30, 2015. Affirmed.

*Daniel C. Walter*, of Ryan, Walter & McClymont, Chtd., of Norton, for appellant.

*Donald J. Cooper*, of Kansas Department of Revenue, for appellee.

Before LEBEN, P.J., GREEN, J., and JEFFREY E. GOERING, District Judge, assigned.

LEBEN, J.: The Kansas Department of Revenue suspended Daniel Chalfant's driving privileges for 1 year after he was arrested for driving under the influence of alcohol and a blood test showed his alcohol level over the legal limit. Chalfant appealed to the district court based on a claim that the mandatory advisories given to him before he submitted to the blood test didn't comply with Kansas law.

The district court denied Chalfant's appeal, and he appealed further to our court. The case is based solely on written documents and stipulated facts, so we must review it independently, without any required deference to the district court. See *Double M Constr.*

*v. Kansas Corporation Comm'n*, 288 Kan. 268, 271, 202 P.3d 7 (2009); *Ward v. Ward*, 272 Kan. 12, 19, 30 P.3d 1001 (2001).

Chalfant was stopped—and ultimately arrested for a DUI in violation of K.S.A. 2014 Supp. 8-1567—on December 8, 2013. After his arrest, an officer took Chalfant to a local hospital and asked him to submit to a blood test for alcohol. Before a driver agrees to such a test, Kansas law requires that the officer provide several notices to the driver, including about the potential consequences of a test refusal. The parties agree that the officer fully provided the notices found in the 2013 version of a Department of Revenue form called the DC-70.

What's at issue is a notice given to Chalfant that in some circumstances he would be committing a crime by refusing the test. Under Kansas law, if a person refuses a blood or breath test for alcohol after an officer has cause to request it *and* the person has a prior refusal of a test "other than a preliminary screening test," the person may be charged with a crime for refusing to submit to a test. See K.S.A. 2014 Supp. 8-1001(k)(4); K.S.A. 2014 Supp. 8-1013(i). Chalfant contends that the notice he received would have given the impression that even a prior refusal to a preliminary screening test could have made him subject to the criminal sanction.

Before discussing the notice used in this case, we note that all that's required is substantial compliance with the statutory notice provisions. *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 (1988); *City of Overland Park v. Lull*, 51 Kan. App. 2d 588, 591, 349 P.3d 1278 (2015). There is substantial compliance if the notice sufficiently covers the essential provisions of the underlying statutes. 51 Kan. App. 2d at 591.

Chalfant correctly notes that an earlier version of the DC-70 form—in use in 2012—had the problem he complains about. That form told drivers that "'if [previously]

*you refused a test* . . . and you refuse to submit to and complete any test of breath, blood or urine hereafter requested by a law enforcement officer, you may be charged with a separate crime of refusing to submit to a test . . . , which carries criminal penalties equal to or greater than those for the crime of driving under the influence.'" (Emphasis added.) *State v. Gross*, No. 112,229, 2015 WL 1000175, at \*2 (Kan. App. 2015) (unpublished opinion) (quoting 2012 DC-70 form). Our court held that the 2012 DC-70 notice did not substantially comply with statutory requirements. 2015 WL 1000175, at \*3.

But the Department of Revenue changed the form in 2013, and the new version of the notice was given to Chalfant. Paragraph 4 of that notice told Chalfant that he would be subject to the criminal penalty if he refused this test and had previously refused an "evidentiary test for alcohol or drugs":

> "If you refuse to submit to and complete any test of breath, blood or urine hereafter requested by a law enforcement officer, you may be charged with a separate crime of refusing to submit to a test to determine the presence of alcohol or drugs, which carries criminal penalties that are greater than or equal to the criminal penalties for the crime of driving under the influence **if** you have a prior refusal for an evidentiary test for alcohol or drugs."

The Department of Revenue argues that adding the term "evidentiary test" to describe what kind of prior test refusal counts for these purposes provided the right information to Chalfant. The Department bases this argument on K.S.A. 2014 Supp. 8-1012(d), which provides that a preliminary screening test is not admissible in evidence in any civil or criminal case except for very limited purposes related to the validity of the DUI arrest itself or the propriety of the request for an evidentiary blood, breath, or urine test:

> "A law enforcement officer may arrest a person based in whole or in part upon the results of a preliminary screening test. Such results shall not be admissible in any civil or

3

criminal action concerning the operation of or attempted operation of a vehicle except to aid the court or hearing officer in determining a challenge to the validity of the arrest or the validity of the request to submit to a test pursuant to K.S.A. 8-1001, and amendments thereto."

We agree with the Department that the 2013 DC-70 substantially complied with the statutory notice requirements. With very limited exceptions, the preliminary screening test is not admissible in evidence; it absolutely is not admissible as evidence to support the DUI charge itself. Thus, in the context of a traffic stop or arrest aimed at the investigation of a possible DUI offense, telling the driver that he or she is subject to a criminal sanction for refusal if he or she previously refused an evidentiary test accurately describes the essential provisions of the statute.

Before we close our opinion, we should perhaps note that Chalfant has presented no claim that he actually was prejudiced in some way by confusion about which type of prior test refusal could subject him to criminal penalties. It's clear that when a notice doesn't substantially comply with the statutes a driver need not show prejudice. *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, Syl. ¶ 4, 840 P.2d 448 (1992); *Lull*, 51 Kan. App. 2d at 591. The *Meigs* opinion also makes clear that some technical defect in a notice that's in substantial compliance can still invalidate the license suspension if the driver shows actual prejudice. 251 Kan. at 682. But that does not help Chalfant since he has made no prejudice claim and nothing in our record indicates that he had previously refused a preliminary screening test (or any other test, for that matter).

In sum, the notice given in the 2013 DC-70 substantially complied with statutory requirements, so we find no error in the Department of Revenue's decision to suspend Chalfant's driving privileges for 1 year. We therefore affirm the district court's judgment.