NOT DESIGNATED FOR PUBLICATION

No. 117,874

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CADELL LEROY BYNUM,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed June 1, 2018. Affirmed.

*Barry A. Clark*, of Clark & Platt, Chtd., of Manhattan, for appellant.

*Ashley R. Iverson*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: Cadell Leroy Bynum appeals from the suspension of his driver's license for refusal to take a requested breath-alcohol test. We find no error and affirm the suspension.

*Factual and Procedural Background*

While working at a sobriety checkpoint on September 10, 2016, Detective Spencer Parsons with the Riley County Police Department made contact with Bynum. Parsons smelled the odor of alcoholic beverages and observed Bynum had slurred speech,

1

difficulty communicating, and poor balance or coordination. Bynum informed Parsons that he had consumed a couple of gin and tonic beverages. Bynum attempted the walk-and-turn field sobriety test, during which he made an improper turn and took an incorrect number of steps. He also attempted the one-leg-stand test; however, he immediately put his foot back down, stating he could not complete the test.

While at the checkpoint, Parsons provided Bynum with a DC-70 form, the implied consent advisory. Parsons also read the advisory aloud. The implied consent advisory included the following notices:

"1. Kansas law (K.S.A. 8-1001) requires you to submit to and complete one or more tests of breath, blood or urine to determine if you are under the influence of alcohol or drugs or both.

"2. You have no constitutional right to consult with an attorney regarding whether to submit to testing.

"3. If you **refuse** to submit to and complete any test of breath, blood or urine hereafter requested by a law enforcement officer, your driving privileges will be suspended for 1 year.

"4. If you submit to a breath or blood test requested by a law enforcement officer and produce a completed test result of .15 or greater, your driving privileges will be suspended for 1 year.

"5. If you submit to a breath or blood test requested by a law enforcement officer and produce a completed test result of .08 or greater, but less than .15, the length of suspension will depend upon whether you have a prior occurrence. A prior occurrence is a prior test refusal, test failure or conviction or diversion for an alcohol or drug related conviction as defined in K.S.A. 8-1013, and amendments thereto, or any combination thereof, whether before, on or after July 1, 2001.

"6. If you fail a test with an alcohol content of .08 or greater, but less than .15, and **do not have any prior occurrences**, your driving privileges will be suspended for 30 days.

"7. **If you have a prior occurrence** and fail a test with an alcohol content of .08 or greater, but less than .15, your driving privileges will be suspended for one year.

"8. Refusal to submit to testing may be used against you at any trial on a charge arising out of the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both.

"9. The results of the testing may be used against you at any trial on a charge arising out of the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both.

"10. After the completion of testing, you have the right to consult with an attorney and may secure additional testing, which, if desired, should be done as soon as possible and is customarily available from medical care facilities willing to conduct such testing."

Parsons testified that he was aware the recent modifications to the DC-70 form were the result of Kansas Supreme Court decisions and he used the form his superior officers provided to him. After reading the form verbatim to Bynum, Parsons asked him to submit to a breath-alcohol test. Bynum refused to submit to the test. Parsons then personally served Bynum with the DC-27 form, the notice that his driver's license was suspended for refusing to submit to the requested breath-alcohol test. Parsons arrested Bynum for driving under the influence (DUI) and jail staff transported him to the Riley County Police Department.

Bynum timely requested an administrative hearing to challenge his license suspension. At the administrative hearing, Bynum argued that Parsons lacked reasonable grounds to continue the investigation and he lacked probable cause to arrest Bynum. He further preserved all constitutional issues and the issue that the revised DC-70 form does not conform to the requirements set forth in K.S.A. 2017 Supp. 8-1001. The administrative hearing officer affirmed the suspension of Bynum's driving privileges.

Bynum timely filed a petition for judicial review with the district court, asserting the same issues he had preserved at the administrative level. KDOR submitted the agency

record, which included Bynum's driver event history. His history showed the following actions:

| Action | Action Date | Occurrence Date | Court Type |
|---|---|---|---|
| DUI Conviction | 07/18/01 | 10/13/00 | District court |
| Admin. | 10/13/00 | 10/13/00 | Admin. |
| DUI Conviction | 05/27/97 | 02/07/97 | Municipal |
| Admin. | 08/15/95 | 06/04/95 | Municipal |

The district court conducted a bench trial on April 14, 2017. Bynum abandoned the issue of whether Parsons had reasonable grounds to request a breath-alcohol test and proceeded only with the issue of whether the implied consent advisory complied with the statutory requirements. The court made the following findings: (1) Parsons substantially complied with K.S.A. 2017 Supp. 8-1001 et seq.; (2) Parsons acted in good faith based on the Kansas Attorney General's amendments to the DC-70 and the Kansas Supreme Court's decision in *State v. Ryce*, 306 Kan. 682, 396 P.3d 711 (2017), and *State v. Nece*, 306 Kan. 679, 396 P.3d 709 (2017); and (3) Bynum had no cognizable prior DUI convictions, diversions, or refusals.

Bynum timely appealed the district court decision.

*The revised DC-70 advisory is in substantial compliance with K.S.A. 2017 Supp. 8-1001(k).*

Bynum's primary argument on appeal is that because the revised DC-70 advisory read by Detective Parsons wholly omits two sections of the warnings required by K.S.A. 2017 Supp. 8-1001(k), the KDOR should be precluded from using his refusal to submit to the breath-alcohol test as grounds for suspending his driver's license. The omitted sections provided that the officer shall present oral and written notice that

"(2) the opportunity to consent to or refuse a test is not a constitutional right;

. . . .

"(4) if the person refuses to submit to and complete any test of breath, blood or urine hereafter requested by a law enforcement officer, the person may be charged with a separate crime of refusing to submit to a test to determine the presence of alcohol or drugs, which carries criminal penalties that are greater than or equal to the criminal penalties of driving under the influence, if such person has:

(A) Any prior test refusal as defined in K.S.A. 8-1013, and amendments thereto, which occurred: (i) On or after July 1, 2001; and (ii) when such person was 18 years of age or older; or

(B) any prior conviction for a violation of K.S.A. 8-1567 or 8-2,144, and amendments thereto, or a violation of an ordinance of any city or resolution of any county which prohibits the acts that such section prohibits, or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging any such violations, which occurred: (i) On or after July 1, 2001; and (ii) when such person was 18  years of age or older[.]" K.S.A. 2017 Supp. 8-1001(k).

Bynum contends that because of these omissions, the advisory does not substantially comply with the statutory requirements because he was not informed of the essentials of the statute.

The KDOR responds by first correctly pointing out that breath-alcohol test results are not subject to the exclusionary rule in the context of civil administrative proceedings. *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, Syl. ¶ 8, 176 P.3d 938 (2008), *overruled on other grounds by City of Atwood v. Pianalto*, 301 Kan. 1008, 350 P.3d 1048 (2015).  Here, Bynum asserted his Fourth Amendment to the United States Constitution right to refuse the requested test, so no search occurred and the exclusionary rule does not apply.

Thus, resolution of Bynum's appeal rests solely on a determination of whether the revised DC-70 advisory form substantially complied with the statutory requirements.

5

This implicates interpretation of the statute and presents a question of law over which we exercise unlimited review. *Martin,* 285 Kan. at 629.

KDOR notes that Bynum's challenge presents a "Catch-22" if law enforcement continued to read the omitted statutory subsections K.S.A. 2017 Supp. 8-1001(k)(2) and (4) in the advisory, the tests or the refusal could be considered to be unconstitutionally coerced and inadmissible under the proscriptions announced in *Ryce* and *Nece*; however, by not reading those subsections, the notice was arguably not in compliance with the statute and any resulting license suspension should be considered void. Such "gotcha" arguments are generally not favored and, in this instance, neither conclusion would promote the purposes of public safety embodied in the implied consent statutes.

Arguments virtually identical to those raised by Bynum herein have recently been considered and rejected by panels of this court. In *State v. Barta,* No. 117,990, 2018 WL 1883878 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* May 15, 2018, the defendant consented to a breath-alcohol test after having been read the revised DC-70 advisory. He thereafter claimed his consent was coerced and involuntary because the revised DC-70 omitted the language relating to the separate potential criminal consequences for refusal set forth in subsection (k)(4) of the statute. In affirming the district court's rejection of this challenge, the court found the revised DC-70 was in substantial compliance with K.S.A. 2017 Supp. 8-1001(k). The court noted the omitted advisory actually rendered the defendant's consent free from the very coercion condemned in *Ryce* and *Nece.* The court also noted that the severability clause of K.S.A. 8-1007 supports the Attorney General's modification of the DC-70 to comply with the constitutional determinations of *Ryce* and *Nece,* thereby avoiding the "Catch-22" of giving an unconstitutional and misleading advisory.

In *White v. Kansas Dept. of Revenue*, No. 117,956, 2018 WL 1769396 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* May 9, 2018, the driver also

6

consented to a breath-alcohol test after having been read the revised DC-70 advisory which omitted the warnings regarding potential separate criminal penalties for refusal. The driver challenged a resulting suspension, alleging that the revised advisory was incorrect and misleading in violation of due process. The claims were rejected after an administrative hearing, and the suspension was affirmed after appeal to the district court. In an analysis mirroring that in *Barta,* the appellate panel held that the revised DC-70 substantially complied with the statutory requirements by eliminating language which was condemned by *Ryce* and *Nece* as unduly coercive and unconstitutional. The court dealt with the "Catch-22" by observing that "[w]e are not persuaded by White's creative argument" that she was entitled to be read a facially unconstitutional warning simply because the statute was still in effect despite the holdings in *Ryce* and *Nece.* 2018 WL 1769396, at *5-6.

We find the analysis and conclusions set forth in *Barta* and *White* to be pertinent, persuasive, and determinative of the issues herein. Although Bynum had refused to take the requested breath-alcohol test while Barta and White had consented, we find this is a distinction without a difference since the arguments presented regarding the omission of reference to potential criminal consequences are virtually indistinguishable.

Bynum can point to no prejudice resulting from the revised advisory. Certainly, neither the KDOR nor the State attempted to subject him to the separate criminal penalties for refusal. Indeed, the record does not conclusively establish that Bynum's prior driving history would have subjected him to such penalties even if they had not been ruled to be unconstitutional. Although Bynum's record recites a conviction for DUI on July 18, 2001, the actual violation giving rise to the conviction had occurred on October 13, 2000, and would fall outside the statutory time limit. See K.S.A. 2017 Supp. 8-1001(k)(4)(B). The revised DC-70 fully and correctly advised Bynum of all the potential civil penalties for refusal. See *City of Overland Park v. Lull*, 51 Kan. App. 2d 588, 593-94, 349 P.3d 1278 (2015).

Bynum also raises an issue regarding Parson's omission of (k)(2) of the statutory advisory providing that "the opportunity to consent to or refuse a test is not a constitutional right." Once again, it would have been misleading and in error for Parsons to have included this advisory. In *Ryce I*, our Supreme Court had stated revocation of implied consent—i.e. refusal to take a requested test—is a constitutional right. *State v. Ryce*, 303 Kan. 899, 951, 368 P.3d 342 (2016), *aff'd on reh'g* 306 Kan. 682. Further, Bynum was not under arrest when Parsons requested the breath-alcohol test. In *Birchfield v. North Dakota*, 579 U.S. __, 136 S. Ct. 2160, 2184, 195 L. Ed. 2d 560 (2016), the United States Supreme Court held that until arrest, a driver has a constitutional right to refuse a breath-alcohol test. Thus, K.S.A. 2017 Supp. 8-1001(k)(2) was properly removed from the revised DC-70, resulting in substantial compliance with the statutory intent to provide the driver with meaningful and correct advice.

We, therefore, conclude the revised DC-70 implied consent advisory read to Bynum by Detective Parsons is in substantial compliance with the mandate of K.S.A. 2017 Supp. 8-1001(k), and the suspension of Bynum's driver's license for refusing the requested breath-alcohol test is affirmed.

Affirmed.