NOT DESIGNATED FOR PUBLICATION

No. 118,128

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CORY ACKERMAN,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.


MEMORANDUM OPINION

Appeal from Hodgeman District Court; BRUCE T. GATTERMAN, judge. Opinion filed August 3, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Charles P. Bradley*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.


Before ARNOLD-BURGER, C.J., HILL and BUSER, JJ.


PER CURIAM: Cory Ackerman appeals the administrative suspension of his driving license, contending that the notice he received before submitting to a blood test did *not* contain all of the warnings set out in the Kansas implied consent law. Indeed, because of a recent Kansas Supreme Court ruling, the State removed two statements from the notices it gives to all drivers before administering blood-alcohol tests to them. Unmoved by his argument, we hold there is substantial compliance with the law's notice requirements here because the notice Ackerman received told him all of the essential elements of the law. We uphold the license suspension.

1

In June 2016, a Kansas Highway Patrol Trooper stopped Ackerman for failing to signal before making a turn. Ackerman admitted consuming alcoholic beverages, he reeked of alcohol, and had bloodshot eyes. He failed field sobriety tests and a preliminary breath test. The trooper arrested him for driving under the influence of alcohol.

Later, the trooper read the advisory DC-70 form revised by the Office of the Attorney General in February 2016 to Ackerman and gave him a copy. After he was so advised, when the trooper asked Ackerman to submit to a blood test to determine his blood-alcohol content, he consented. His blood test showed a blood-alcohol content of 0.15—well above the legal limit. The trooper gave Ackerman a notice that his driving license would be suspended. Ackerman asked for an administrative hearing to review the suspension of his driving privileges. The Department of Revenue affirmed the suspension.

Next, Ackerman requested the district court review his administrative suspension. The parties presented no new evidence and the court tried the matter on the briefs.

In district court, Ackerman argued that the implied consent law, K.S.A. 8-1001 et seq., is facially unconstitutional based on recent decisions of the Kansas Supreme Court. He contends that the law requires an officer to advise a driver of all the advisories set out in the statute, including the two that the Supreme Court has invalidated in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*). In short, the law *requires an unconstitutional advisory must be given*. In his view, the statute gives no discretion to the Department to pick and choose which advisory may be given to a driver.

In his second argument, Ackerman claimed that the advisories given to him did not provide notice as required by K.S.A. 2015 Supp. 8-1001(k). The revised DC-70 form did not include language relating to subsection (2), which says: "[T]he opportunity to

2

consent to or refuse a test is not a constitutional right." Nor did the advisory contain any language from subsection (4) of 8-1001(k): "[I]f a person refuses to submit to and complete any test . . . the person may be charged with a separate crime of refusing to submit to a test." Because the revised DC-70 form did not include these warnings, Ackerman contended the suspension of his driving privileges was invalid.

The district court found that the constitutional challenge to K.S.A. 8-1001 was not properly before the court because the Attorney General had not been notified as required by K.S.A. 2017 Supp. 75-764(b)(2). Because of the lack of notice, the district court found it did not have jurisdiction to consider the issue. The court, however did address Ackerman's second issue and found that the revised DC-70 substantially complied with the notice provision of K.S.A. 2017 Supp. 8-1001(k). The district court upheld the suspension of Ackerman's driving privileges.

To us, Ackerman makes the same two arguments—a facially unconstitutional statute and noncompliance with the notices required by law. We address the notice issue first.

We begin with K.S.A. 2017 Supp. 8-1001(k). This law sets out nine notices to be given, both orally and in writing, to a driver asked to take a blood-alcohol test. Two of these notices are now questionable because of our Supreme Court's holding in *Ryce*. The first deals with the right to consent and the second advises that a refusal to test would be a crime.

Subsection (2) of the statute requires notice that "the opportunity to consent to or refuse a test in not a constitutional right." K.S.A. 2017 Supp. 8-1001(k)(2). Subsection (4) requires notice that "if the person refuses to submit to and complete any test . . . the person may be charged with a separate crime of refusing to submit to a test." K.S.A. 2017 Supp. 8-1001(k)(4).

3

Both notices contradict the holdings in *Ryce*. First, the *Ryce I* court found that "when an officer requests a search based solely on having deemed that the driver had impliedly consented to the search, the driver has a right grounded in the Fourth Amendment to refuse to submit." 303 Kan. at 944. This means that the notice in K.S.A. 2017 Supp. 8-1001(k)(2) that "the opportunity to consent to or refuse a test is not a constitutional right" is legally incorrect.

Likewise, the warning in K.S.A. 2017 Supp. 8-1001(k)(4) about the potential for separate criminal charges for a refusal is also inaccurate. The *Ryce I* court found K.S.A. 2014 Supp. 8-1025 was facially unconstitutional because it made the refusal to take a test—a test impliedly consented to under the statute—a crime. 303 Kan. at 963-64; see *Ryce II*, 306 Kan. 682, Syl. That provision of the law is invalid.

Even so, despite this invalidity of these two subsections of the notice law, Ackerman argues that the law commands that both advisories must be given. We will not promote that folly.

When courts interpret statutes, we seek to avoid absurd results. We see no good reason to require a police officer to give a statutory notice that is no longer valid. We agree with the district court. Ackerman received notice that substantially complied with the statute.

We see no statutory requirement that the precise wording of the notices in K.S.A. 2017 Supp. 8-1001(k) be given before the administration of a test under the statute. Substantial compliance with the notice provision of K.S.A. 2017 Supp. 8-1001(k) is sufficient.

By substantial compliance, we mean that the notices provide information to the driver that informs the driver of the essential components of the statute. *City of Overland*

4

*Park v. Lull*, 51 Kan. App. 2d 588, 591, 349 P.3d 1278 (2015) (citing *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 [1988]). This leads to the question—what notices in K.S.A. 2017 Supp. 8-1001(k) must be given after the decisions in *Ryce*?

To answer that question we must first look to two other provisions of the implied consent law. First, K.S.A. 2017 Supp. 8-1001(v) instructs, "[t]his act is remedial law and shall be liberally construed to promote public health, safety and welfare." Second, K.S.A. 8-1007 states, "if any clause, paragraph, subsection or section of this act shall be held invalid or unconstitutional, it shall be conclusively presumed that the legislature would have enacted the remainder of this act without such invalid or unconstitutional clause, paragraph, subsection or section." These two provisions give us insight into the legislative intent in enacting this statute. It seems clear that the Legislature intends the courts to enforce the remainder of the statute even if some provision is unconstitutional or otherwise void. First, though, what is to be omitted when giving notice?

When we examine the statutory provisions in question, it is manifest that K.S.A. 2017 Supp. 8-1001(k)(4) is a direct corollary to K.S.A. 2017 Supp. 8-1025. Essentially, the requirement to provide notice of potential criminal prosecution is a requirement to provide notice of K.S.A. 2017 Supp. 8-1025. In *Ryce I*, our Supreme Court found K.S.A. 2014 Supp. 8-1025 to be unconstitutional. 303 Kan. at 963-64; See *Ryce II*, 306 Kan. 682, Syl. Thus, under the severability provision of K.S.A. 8-1007 we presume the Legislature intended to apply the implied consent laws without the provision of K.S.A. 2017 Supp. 8-1025. It follows then that to construe the statute to require that the notice must still be given leads to an absurd result. K.S.A. 2017 Supp. 8-1001(k)(4) provides notice of a criminal penalty which no longer exists. When interpreting statutes, we seek to avoid absurd or unreasonable results. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106 (2013). This subsection must be omitted.

5

Next, when we turn to K.S.A. 2017 Supp. 8-1001(k)(2) we view it in a similar manner as (k)(4)—it is a useless provision that may be ignored to effect the intent of the Legislature. The *Ryce* court made it clear that there is a right grounded in the Fourth Amendment to the United States Constitution to refuse to submit to a test under this statute. 303 Kan. at 944. It is absurd then to warn a driver that there is not a constitutional right to refuse to submit to the test. To effect the intent of the Legislature, the provision in K.S.A. 2017 Supp. 8-1001(k)(2) should be ignored. In other words, it is not an essential component of the notice that is required following the *Ryce* decisions.

When interpreting statutes, to give effect to the purpose of the Legislature, it is sometimes necessary to ignore a clause or provision within a statute. The court must give effect to the Legislature's intent even though words, phrases, or clauses at some place in the statute must be omitted or inserted. *Pankratz Implement Co. v. Citizens Nat'l Bank*, 281 Kan. 209, 215, 130 P.3d 57 (2006).

Turning to the facts here, Ackerman heard and read the revised DC-70 form that contained all of the required 8-1001(k) notices except subsections (2) and (4). Because those subsections have been nullified by *Ryce*, they are no longer essential components of the statute. The language within the revised DC-70 substantially complies with the notices that are required post-*Ryce*. See *Lull*, 51 Kan. App. 2d at 591. Because the notice that Ackerman received informed him of the essential components of the statute, the suspension of his driving privileges is proper.

Ackerman suggests that the Department lacks the statutory authority to alter its own forms. The DC-70 is an administrative form used for compliance with the legislatively mandated written notice. The Department created the form; thus, the Department can revise the form as long as it substantially complies with the written notice requirements of K.S.A. 2017 Supp. 8-1001(k). The Office of the Attorney General

6

correctly amended the DC-70 to remove the invalid warnings given the *Ryce I* decision. The modification of the DC-70 is within the Department's authority.

We turn now to the constitutionality of the statute. First, we note that whether the implied consent advisory is facially constitutional was not decided by the district court and Ackerman presents no reason for us to consider the issue. Second, appellate courts generally avoid making unnecessary constitutional decisions. Thus, where there is a valid alternative ground for relief, an appellate court need not reach constitutional challenges to statutes. *Wilson v. Sebelius*, 276 Kan. 87, Syl. ¶ 3, 72 P.3d 553 (2003).

A valid alternative ground for relief arises from our statutory interpretation. When we apply the saving language in K.S.A. 8-1007 that calls for severance of unconstitutional portions of the statute, we can address the issue at hand—what is required for notice under K.S.A. 2017 Supp. 8-1001(k) following *Ryce*? By severing the two sections of K.S.A. 2017 Supp. 8-1001(k) that are nullified by the rulings in *Ryce*, what remains in the statute are the notices that must be given. We need not address Ackerman's facial constitutional challenge to the entirety of the implied consent law. See *State v. Wetrich*, 307 Kan. 552, 558-59, 412 P.3d 984 (2018).

The district court's ruling affirming Ackerman's driving license suspension is affirmed.