NOT DESIGNATED FOR PUBLICATION

No. 118,326

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SARAH LYNN MCGINNIS,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed November 2, 2018. Reversed and remanded with directions.

*Ashley R. Iverson*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Barry A. Clark*, of Clark & Platt, Chtd., of Manhattan, for appellee.

Before ARNOLD-BURGER, C.J., HILL and BUSER, JJ.

BUSER, J.:  This is an appeal by the Kansas Department of Revenue (KDR) of the district court's judgment reversing the KDR's suspension of Sarah Lynn McGinnis' driver's license. Upon our review we conclude the district court erred as a matter of law in its ruling. Accordingly, we reverse and remand with directions to reinstate the suspension.

1

FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts are undisputed. McGinnis was arrested on December 30, 2016, for driving under the influence of alcohol (DUI) in Riley County. In accordance with K.S.A. 2016 Supp. 8-1001(k), Kansas Highway Patrol Trooper Matthew Malo, the arresting officer, advised McGinnis of implied consent advisories by reading from a revised DC-70 form and giving her a copy of the form. The revised DC-70 form contained all the required advisories listed in K.S.A. 2016 Supp. 8-1001(k) except for subsections (k)(2) and (k)(4). These two subsections had been deleted from the DC-70 form because they were in conflict with recent decisions by our Supreme Court.

McGinnis consented and submitted to an evidentiary breath alcohol test which showed her blood alcohol level greater than the .08 limit. After an administrative hearing, the KDR suspended McGinnis' driver's license. McGinnis appealed to the district court arguing that the revised implied consent advisories did not substantially comply with K.S.A. 2016 Supp. 8-1001(k). A trial was held and Trooper Malo presented the only testimony.

At the conclusion of the trial, the district court vacated the KDR's driver's license suspension order. In a journal entry memorializing its ruling, the district court held that Trooper Malo "did not substantially comply with the requirements of K.S.A. 8-1001(k) when he read and provided petitioner with a written copy of the [revised] implied consent advisory." According to the district court, this was because two subsections, (k)(2) and (k)(4), were not read to McGinnis or provided in writing at the time of her arrest. The district court also ruled that the good-faith exception as discussed in *State v. Kraemer*, 52 Kan. App. 2d 686, 371 P.3d 954 (2016) was inapplicable given the facts of this case. KDR filed a timely appeal.

2

## DID TROOPER MALO SUBSTANTIALLY
## COMPLY WITH K.S.A. 2017 SUPP. 8-1001(k)?

On appeal, KDR contends the district court erred in its legal conclusion that Trooper Malo did not substantially comply with the implied consent advisories mandated by K.S.A. 2016 Supp. 8-1001(k) when he informed McGinnis of the advisories as stated in the revised DC-70 form. KDR seeks reversal of the district court's order reinstating McGinnis' driver's license.

We begin with a brief summary of our standard of review. Generally, a substantial competent evidence standard of review is utilized in a case involving an administrative suspension of a driver's license. But when the facts are undisputed, as they are in the present appeal, the appellate court defers to the district court's factual findings and exercises de novo review of the legal issues. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Moreover, issues of statutory and constitutional interpretation raise pure questions of law for which our review is unlimited. *Katz v. Kansas Dept. of Revenue*, 45 Kan. App. 2d 877, Syl. ¶ 1, 256 P.3d 876 (2011.

K.S.A. 2016 Supp. 8-1001(k) provides that before a blood, breath, or urine test is administered, the driver arrested for DUI shall be given oral and written notice regarding specific provisions of the Kansas implied consent law and the consequences of refusing to submit to testing or failing the test. An overview of recent legal developments in Kansas DUI jurisprudence is helpful to an understanding of our analysis.

On February 26, 2016, the Kansas Supreme Court filed two important opinions relating to Kansas implied consent advisories required to be provided to drivers arrested in DUI cases. In *State v. Ryce*, 303 Kan. 899, 963-64, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017), our Supreme Court held that it was facially unconstitutional to impose criminal penalties on a licensee if that individual withdrew

3

consent or refused to submit to a breath test. Next, in *State v. Nece*, 303 Kan. 888, 897, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017), our Supreme Court held that a defendant's consent to a breath alcohol test is coerced if it is given after receiving unconstitutional implied consent advisories. Of note, the Supreme Court stayed the initial decisions as it awaited an opinion from the United States Supreme Court in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016).

On June 23, 2016, the United States Supreme Court ruled that a warrantless breath test is a reasonable search under the Fourth Amendment as a search incident to a lawful arrest. *Birchfield*, 136 S. Ct. at 2184. In light of *Birchfield*, our Supreme Court granted review of *Ryce I* and *Nece I* and then affirmed those decisions in *State v. Ryce*, 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*) and *State v. Nece*, 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*).

The purpose of the mandatory K.S.A. 2016 Supp. 8-1001(k) advisories is to inform a person arrested for DUI of their statutory and constitutional rights. Following the *Ryce I* and *Nece I* decisions, the Kansas Attorney General created a revised DC-70 form which omitted the two unconstitutional provisions. Specifically, the form omitted subsections (k)(2) and (k)(4). These two subsections provided:

> "(k) Before a test or tests are administered under this section, the person shall be given oral and written notice that:
> . . . .
> (2) the opportunity to consent to or refuse a test is not a constitutional right;
> . . . .
> (4) if the person refuses to submit to and complete any test of breath, blood or urine hereafter requested by a law enforcement officer, the person may be charged with a separate crime of refusing to submit to a test to determine the presence of alcohol or

drugs, which carries criminal penalties that are greater than or equal to the criminal penalties for the crime of driving under the influence, if such person has:

> (A) Any prior test refusal . . . ; or

> (B) any prior conviction for [DUI] . . . or enter[ed] into a diversion agreement . . ." K.S.A. 2016 Supp. 8-1001(k).

KDR contends—and McGinnis does not dispute—that the revised DC-70 form comports with our Supreme Court's opinions in *Ryce* and *Nece*. KDR submits that by deleting the two constitutionally infirm subsections from the DC-70 form, law enforcement officers faithfully followed Kansas Supreme Court precedent. KDR also asserts that Trooper Malo substantially complied with the implied consent statute because in providing McGinnis with the revised form and advisories, the trooper correctly advised McGinnis of the lawful consequences she faced if she refused to submit to a breath test.

In response, McGinnis argues that the revised DC-70 form does not substantially comply with K.S.A. 2016 Supp. 8-1001(k) because it omits two essential (albeit unconstitutional) provisions from the list of advisories required under Kansas law. McGinnis' case presents an interesting dilemma: Comply with our Supreme Court's opinions in *Ryce* and *Nece* and use the revised form which omits the unconstitutional provisions at the risk of not complying with K.S.A. 2016 Supp. 8-1001(k) as written, or provide all the statutory implied consent advisories as written and erroneously advise the licensee regarding their constitutional and statutory rights.

The question is presented: Did Trooper Malo substantially comply with K.S.A. 2016 Supp. 8-1001(k) by informing McGinnis of the advisories as stated on the revised DC-70 form?

"Because there are legal consequences for an accused [who] either refuses or fails a breath test, the law requires that such persons be told of those consequences before they decide to take the test." *State v. Kaiser*, No. 102,845, 2010 WL 3853206, at *1 (Kan.

App. 2010) (unpublished opinion). Generally, substantial compliance with statutory notice provisions is sufficient. *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, 680-81, 840 P.2d 448 (1992). "To substantially comply with the requirements of the statute, a notice must be sufficient to advise the party to whom it is directed of the essentials of the statute." *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 (1988). Substantial compliance, however, does not require a verbatim reading of the statute. *Meigs*, 251 Kan. at 680-81.

Kansas appellate courts have previously addressed the issue of substantial compliance as it relates to the Kansas implied consent law.

In *Barnhart*, the arresting officer did not read verbatim an advisory contained in K.S.A. 1985 Supp. 8-1001(f) that informed the licensee of a right to an attorney after testing was completed and that a licensee may obtain additional testing. Our Supreme Court held the advisory provided to Barnhart, although not exactly in the words of the statute, substantially complied with the implied consent statute because he received notice of the essentials of the statute. 243 Kan. at 213. In particular, the advisory did not mislead Barnhart because he was fully informed of his statutory right to obtain additional testing. Of note, in her brief, McGinnis acknowledges that *Barnhart* stands for the legal principle that while verbatim advisories are not required under K.S.A. 2016 Supp. 8-1001(k), the notices must convey the essentials of the statute.

In contrast, our Supreme Court in *Meigs* held that an advisory provided to the licensee did not substantially comply with the implied consent statute. 251 Kan. at 683. The officer informed Meigs that refusing a blood alcohol test would result in at least a 180-day suspension, however, the statute provided that the suspension term was for at least 1 year. Even though the warning conveyed that refusal would result in a suspension, our Supreme Court—quoting from the *Meigs* Court of Appeals opinion—noted that the Legislature mandated notification of the exact period of the suspension and "'[a]n

6

accurate and precise notice of that risk is required by statute.'" 251 Kan. at 681. Because the actual risk of a one-year suspension was more than twice the suspension period that Meigs was told she could receive, the advisory did not convey an accurate account of the statutory risk. As a result, the district court's order vacating the driver's license suspension was affirmed on appeal. 251 Kan. at 683.

Finally, in *City of Overland Park v. Lull*, 51 Kan. App. 2d 588, 349 P.3d 1278 (2015), the DC-70 form omitted an entire paragraph. As a result, the arresting officer did not inform Lull that, because he was a repeat DUI offender, the statutory penalty for refusing to submit to alcohol testing was more severe as it related to him. Because the officer did not substantially comply with K.S.A. 2012 Supp. 8-1001(k), our court found that Lull did not receive the information necessary to make an informed decision regarding whether to refuse or submit to a breath test. As a result, the incriminating breath test results were suppressed prior to trial. 51 Kan. App. 2d at 594.

Based on the teachings of *Lull*, *Meigs*, and *Barnhart*, the critical issue on appeal is whether the implied consent advisories provided by the revised DC-70 form properly advised McGinnis of the essentials of K.S.A. 2016 Supp. 8-1001(k) so that she could make an informed decision as to whether or not she should consent and submit to the breath test.

On appeal, KDR contends it is misleading for a police officer to administer the advisories as written in K.S.A. 2016 Supp. 8-1001(k) because, in light of our Supreme Court opinions for *Ryce* and *Nece*, two of those advisories would be an incorrect statement of law. Instead, KDR asserts that by omitting the unconstitutional provisions, McGinnis received the essential information of the implied consent statute necessary to make a decision whether to refuse or submit to a breath test.

7

Our court recently addressed this substantial compliance issue with regard to the revised DC-70 form in three unpublished cases. In *White v. Kansas Dept. of Revenue*, No. 117,956, 2018 WL 1769396, at *5 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* May 9, 2018, White was arrested for DUI in June 2016, subsequent to the filing of the *Ryce I* and *Nece I* opinions. As in the present case on appeal, the officer provided White with implied consent advisories as stated in the revised DC-70 form. White consented and then failed the breath test, which resulted in her license being suspended.

On appeal, White argued that the officer violated her statutory rights by failing to provide all of the warnings that are required under K.S.A. 2015 Supp. 8-1001(k). Our court, however, held that the revised DC-70 form and the arresting officer substantially complied with the implied consent laws. 2018 WL 1769396, at *6. In particular, we pointed to the implied consent statute's severability clause, K.S.A. 8-1007, which specifically provides that "[t]his act shall be construed as supplemental to existing legislation" and the remaining portions of the statute should continue to be enforced if other portions are found to be unconstitutional. 2018 WL 1769396, at *5. In *White*, our court determined that since it was the Legislature's intent for the remaining portion of the statute to survive, the revised DC-70 form reflected that legislative purpose. 2018 WL 1769396, at *6. We also noted that substantial compliance did not require the officer to erroneously advise White of the possible adverse consequences of withdrawing her consent to testing. 2018 WL 1769396, at *6.

In *State v. Barta*, No. 117,990, 2018 WL 1883878 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* May 15, 2018, the defendant consented to a breath test after having been advised of the revised DC-70 advisories. Barta sought suppression of the incriminating breath test results because the revised DC-70 form omitted the language in K.S.A. 2015 Supp. 8-1001(k)(4). In affirming the district court's denial of the motion to suppress, our court found the revised DC-70 was in substantial compliance with

K.S.A. 2015 Supp. 8-1001(k). 2018 WL 1883878, at *4-5.We observed that the omitted advisory actually rendered the defendant's consent free from the very coercion discussed in the *Ryce* and *Nece* opinions. Our court also noted that the severability clause of K.S.A. 8-1007 supported the attorney general's modification of the DC-70 to comply with the constitutional determinations of the *Ryce* and *Nece* opinions. 2018 WL 1883878, at *4.

In *Bynum v. Kansas Dept. of Revenue*, No. 117,874, 2018 WL 2451808 (Kan. App. 2018) (unpublished opinion), following his arrest for DUI, Bynum refused a breath test after having been advised of the revised DC-70 advisories. Barta's driver's license was suspended and he appealed to the district court which affirmed the suspension. On appeal to our court, Bynum argued that the revised DC-70 form omitted the language in K.S.A. 2016 Supp. 8-1001(k)(2) and (4). Our court, citing *White* and *Barta* concluded: "We find the analysis and conclusions set forth in *Barta* and *White* to be pertinent, persuasive, and determinative of the issues herein." 2018 WL 2451808, at *4. Accordingly, in affirming the license suspension, our court found the revised DC-70 form read to Bynum by the arresting officer was in substantial compliance with K.S.A. 2016 Supp. 8-1001(k). 2018 WL 2451808, at *4.

*White, Barta*, and *Bynum* provide valuable guidance in addressing the question presented on appeal. Officer Malo would have misled McGinnis about the consequences of withdrawing her implied consent if he had informed her of subsections K.S.A. 2016 Supp. 8-1001(k)(2) and (k)(4). Since K.S.A. 8-1007 specifically provides for a severability clause, once the unconstitutional provisions are stricken, the remaining statutory advisories are required to be given to the licensee.

In support of its substantial compliance argument, KDR points out that the omitted advisory in K.S.A. 2016 Supp. 8-1001(k)(4) regarding the possible criminal penalties applicable when an arrested driver refuses the breath test did not apply to McGinnis

because she did not have any prior DUI convictions or breath test refusals. As a result, that advisory did not apply to her. KDR's argument has merit.

"When dealing with an omission, this court has found no error when the omitted paragraph did not apply to the driver in any way." *Lull*, 51 Kan. App. 2d at 593. One case is particularly noteworthy in this regard. In *Kaiser*, the driver who was arrested for DUI was 47 years old. As a result, the officer did not read aloud a paragraph on the DC-70 form that advised drivers under the age of 21 that their driver's license could be suspended for one year if their breath test results were above the legal limit. Kaiser agreed to submit to a breath test.

Upon being charged with DUI, Kaiser unsuccessfully sought to suppress the incriminating breath test results. He argued there was not substantial compliance with the Kansas implied consent law because the arresting officer failed to read the advisory that only pertained to drivers under the age of 21. Our court held that the omitted paragraph did not apply to Kaiser. As a result, our court found no error and concluded there was substantial compliance with K.S.A. 2007 Supp. 8-1001 under the circumstances. 2010 WL 3853206, at *2.

We find *Kaiser* is persuasive authority as applied to this case. Since K.S.A. 2016 Supp. 8-1001(k)(4) did not apply to McGinnis, the omission of that provision did not render Trooper Malo's compliance with the statute insufficient.

In additional support of her argument that Trooper Malo's omissions did not constitute substantial compliance with K.S.A. 2016 Supp. 8-1001(k), McGinnis asserts at the time of her arrest, *Ryce I* and *Nece I* had no precedential value because our Supreme Court had granted a rehearing on both cases. As a result, McGinnis argues these cases had no precedential effect and the two statutory provisions in question were still valid Kansas law. See Supreme Court Rule 8.03(j) (2018 Kan. S. Ct. R. 53).

10

In *Kraemer*, after the defendant was arrested for DUI, he was advised of the advisory found in 8-1001(k)(4), and submitted to a breath test. After Kraemer was charged, he argued that his consent was coerced because he was improperly advised that he could be charged with an additional crime upon his refusal of the test. The district court found that Kraemer's consent was coerced, but denied his motion to suppress because the officer had acted in good faith.

Upon our court's review, we concluded that, "[a]lthough the mandate in *Ryce* has not yet issued, we must accept the Kansas Supreme Court's analysis and its ultimate holding." 52 Kan. App. 2d at 696. Similarly, we conclude that, given our Supreme Court's opinions in *Ryce I* and *Nece I*, despite the procedural posture that mandates had not been issued in those cases, Trooper Malo appropriately followed our Supreme Court's guidance and, therefore, substantially complied with K.S.A. 2016 Supp. 8-1001(k).

McGinnis also argues that only the Legislative branch, not the executive branch, has the power to make and amend law, and that the Attorney General's revised DC-70 form should not serve as amended legislation. However, complying with the statute in the way that McGinnis requests would mean not complying with our Supreme Court's judicial rulings. In arguing that she should have been read the unconstitutional provisions, McGinnis is essentially asking the State to violate her constitutional rights. The revised DC-70 form prevents law enforcement officers from engaging in such improper conduct.

Based on all the reasons discussed, we hold that by providing McGinnis with the revised DC-70 form and reading it to her, Trooper Malo substantially complied with K.S.A. 2016 Supp. 8-1001(k).

Finally, KDR presents an alternative argument that should our court find there was no substantial compliance, the good-faith exception should apply in this case. Given our holding, however, we decline to review this alternative argument.

11

Reversed and remanded with directions to reinstate the suspension.